## CHAUNCEY ROBBINS *vs.* ELISHA WOLCOTT.

Positive misconduct on the part of an administrator forms an absolute bar to any claim by him against the estate for reimbursement of his expenses caused by such misconduct: and although disbursements which ultimately prove to have been unnecessary may be allowed to him, if made by him in good faith and under a reasonable belief of their necessity, he must show some just excuse or explanation of such unnecessary expenses before he can legally claim their allowance.

APPEAL from a decree of a court of probate allowing the administration account of Elisha Wolcott, as administrator on the estate of Justus N. Montague.

In February, 1843, the court of probate granted an order of sale directing the administrator to sell all the property, real and personal, belonging to the estate. On the 20th of February, 1843, the administrator, by virtue of that order, sold, and on the 21st of February, 1843, conveyed to one Bailey, certain land belonging to the estate, and made return of the sale,—which return was accepted by the court of probate. On the next day Bailey conveyed the same land to Wolcott, the administrator. Robbins, the present appellant, being then the owner of the interests of several of Montague's heirs in the real estate, appealed from the decree accepting

the return of sale, to the superior court at its term in Hartford county holden in September, 1843, and prosecuted the appeal until the January term, 1850, when it was withdrawn. That appeal was taken for the purpose of testing the validity of the sale to Bailey. Robbins also brought his action of ejectment against a tenant in possession of the land under Wolcott, and, on the trial of the cause to the jury, claimed that the sale had been conducted by the administrator in a fraudulent and improper manner, and that it was therefore void. The jury returned a verdict for the plaintiff, and the court rendered judgment in his favor.

Wolcott, as administrator, then brought to the court of probate his petition, in which, (after referring to the order of sale, the sale to Bailey, the return and the acceptance thereof,) he averred that he, Wolcott, had bought the land in good faith from Bailey and had received from him a conveyance thereof, but that Robbins had brought his action of ejectment, as above stated, and had claimed, upon the trial thereof, that the sale to Bailey was " utterly void and of no effect," and that the jury had so found, and that Robbins had recovered judgment, &c. The petition therefore prayed that the court of probate, as " said sale had been adjudged void and of no effect," would grant another order of sale, &c. Thereupon the court of probate granted a new order of sale, under which the person appointed for that purpose proceeded to sell the land. Wolcott afterwards rendered to the court of probate his administration account. In this account he charged against the estate certain sums, amounting in all to about $250, for services and disbursements made by him in resisting the appeal first taken by Robbins, as above stated, and in petitioning for the second order of sale, and in prosecuting the petition before the court of probate, and in payment of the necessary probate fees incident thereto.

The court of probate allowed the account, including these charges. From the decree allowing the account the present appeal was taken. The appellant, in assigning his reasons of appeal, complained that these charges ought not to have been allowed ; alleging that the expenses charged resulted

solely from fraudulent conduct of the administrator, whereby the sale to Bailey was rendered void. By the report of the committee, by whom the facts were found, the allegation of fraudulent conduct in the administrator was negated, unless to be inferred from the facts above stated.

The superior court having accepted the report, rendered judgment in favor of the appellee, affirming the decree of the court of probate. Thereupon the appellant filed his motion in error.

*L. F. Robinson*, for the appellant.

The expenses charged resulted from a void sale under a valid order of sale. The sale was adjudged void in consequence of the proceedings of the administrator. The allowance of such expenses is indefensible—whether they resulted from his fraud or from his mere omission of duty. Upon the facts found, especially in view of the admissions made by him in his petition, the sale must be taken to have been fraudulently made by him ; but if an administrator's conduct is only faulty, even prudence and good faith will not protect him from liability to his *cestui que trust* therefor. *Foster* v. *Thomas*, 21 Conn., 285. A uniform current of decisions will sustain us in any aspect which the case can be made to assume. *Smith* v. *Scofield*, 19 Conn., 534. *Villard* v. *Robert*, 1 Strob. Eq., 393, 409. *Brackett* v. *Tillotson*, 4 N. Hamp., 208. *Heister's Appeal*, 7 Penn., 455. *Chambers* v. *Smith*, 2 Collyer's Eng. Eq. Cas., 742. *Bendell's Distributees* v. *Bendell*, 24 Ala., 295. *Gesner's Appeal*, 6 Whart., 401. *Wither's Appeal*, 13 Penn., 582. *O'Niel* v. *Donnell*, 9 Ala., 734. *Green* v. *Fagan's Distributees*, 15 id., 335. *Eames* v. *Creditors*, 4 Verm., 256, 259. *Comber* v. *Hardcastle*, 3 Bos. & Pul., 115. *Hide* v. *Haywood*, 2 Atk., 126. It was the duty of the administrator to make a valid sale. This mere omission of duty should prevent a court from allowing him out of the estate the expenses consequent upon it.

*Welles* and *Fellowes*, for the appellee.

There is not only no fraud found in the administrator, but

the allegation of fraud is expressly negatived by the report as accepted by the court. The petition for the second sale does not admit that the first sale was void; but avers that it had been held void by a jury upon a trial against Wolcott's tenant. Robbins had treated the first sale as void by bringing his action of ejectment, and therefore Wolcott had a right to treat it so. Such a sale is not legally void, but only voidable. Lewin on Trusts, 382, 385. See remarks of Williams, J., in *Banks* v. *Judah*, 8 Conn., 156. There is no pretence that the second sale was not necessary to close the estate, and indeed it is expressly so found; and no objection is made to the amount of charges, if the estate is liable.

STORRS, C. J. The question presented in this case, is, whether the court of probate, to which the settlement of the estate of Mr. Montague appertained, properly allowed to the appellee in the superior court, the administrator on that estate, on the adjustment of his administration account, the charges for his services and disbursements in resisting the appeal taken by the appellant from the decree of the court of probate accepting and approving the sale of the estate under the first order of sale made by that court, and in bringing and prosecuting the application to that court for the second order to sell that estate. Those disbursements were for the services of counsel on that appeal and application, and the fees of the court of probate on the latter, and on the adjustment of the charges in question, and for some incidental expenses attending those proceedings. The plaintiff in error, the appellant in the superior court, claims that from the report of the committee in that court, it appeared, in regard to the appeal from the decree of the court of probate accepting and approving the sale under the first order, that the appellee, in resisting that appeal, was guilty of positive misconduct and a violation of his duty as administrator, for that the sale being void in consequence of the manner in which it was conducted, it was the duty of the administrator to suffer the order approving it to be vacated without objection, and not to put the estate to the unnecessary and fruitless expense of

resisting the proceedings instituted for that purpose; and that, in respect to the second order of sale, it was unnecessary to obtain it, because the first order being confessedly valid, and not having been executed, the sale made under it being void, it was not only competent for the administrator, but his duty, to proceed under that same order to make a further and regular sale of the estate; and that if a second order of sale was necessary, such necessity was created by the misconduct or neglect of duty of the administrator himself in not making a valid sale under the first order. The administrator in this case, on the most obvious principles of justice, was not entitled to charge against the estate expenses incurred by him unnecessarily, or through his own misconduct and violation of official duty; and the cases cited by the plaintiff in error most fully establish the rule that such charges should be disallowed in the settlement of his account. If, therefore, the imputations thus made on him are substantiated, the decree of the court of probate, accepting and allowing his administration account ought to have been reversed by the superior court. Positive misconduct and violation of duty on the part of an administrator, form an absolute and unqualified bar to any claim for an expenditure which is caused by it. As to disbursements which ultimately prove to have been unnecessary, we do not mean to say that they are not to be allowed, if, when they were made by him, there was good reason to believe that they were necessary for the interest of those concerned in the estate, and they were made in good faith; but where there have been such expenditures, it rests upon the administrator to show some just excuse or explanation of them, before he can legally claim their allowance. He should not be reimbursed for a useless expenditure, unless he shows, not only the purpose for which it was made, but that it was made under such circumstances and for such a reason as justified him in thus disposing of the estate under his charge, which we think he has not done in this case. No reason for the application for the second order of sale is stated in it, excepting simply that the title to the land sold under the first failed on the ground that such sale

was void.  It does not allege, nor does it very distinctly appear in the report of the committee, in what particular that sale was defective.  It was presumably owing to some fault in the administrator, whose duty it was to make it and see that the proceedings on such sale were in all respects regular and fair, and it is, to say the least, questionable whether it does not sufficiently appear from that report, that it was pronounced invalid by the jury on the ground that it was fraudulently or improperly conducted by the administrator. But, without deciding upon the effect or import of the finding in this respect, it is not only found by the committee, but alleged in and made the ground for the application for the second order, that that sale was in fact invalidated and set aside in the action of ejectment brought for the land sold by a purchaser of it from the heirs of the intestate, and that, in consequence of the judgment in that suit in favor of such purchaser, he recovered the seisin and possession of it from the grantee of the purchaser of it on the administrator's sale under the first order.

Hence, it is obvious that if it was necessary in consequence of the irregularity in the sale under the first order to procure another, it must be deemed to have been rendered so by the neglect or violation of duty on the part of the administrator in conducting that sale, and therefore that it would be unjust towards those interested in the estate that it should be charged by him with the expenses of obtaining the second order of sale, especially as the expenses of procuring and selling under the first must have been already allowed by the court of probate out of the estate.  But, in our opinion, a second order of sale was unnecessary.  It constituted no good reason for an application for it, that the sale under the first was avoided and the title under it defeated for an irregularity in the proceedings under it.  It not having been properly executed, it was not vacated or annulled, but remained in full force and effect, and it was therefore in the power and was the duty of the administrator to proceed under it and sell the estate again.  Without inquiring specifically into the reasons why the first sale was defective, or

whether it was owing to actual fraud on the part of the administrator in conducting it, as is claimed by the plaintiff in error, we think that the second order of sale being unnecessarily procured, the expenditures and services of the administrator upon the application for it ought to have been disallowed. In regard to his expenses in defending the appeal taken from the decree of the court of probate accepting the return of sale under the first order, as that sale was, for whatever cause, defective, and the title of the purchaser under it failed, it was the duty of the administrator to suffer that decree to be reversed without any opposition on his part. The sale being unavailing, it ought not to remain sanctioned on the records of the court of probate. Not that the approval of the sale would validate it, if it was irregular, although perhaps it would not be completely effectual until approved; but the appellant in that case had an interest in instituting and prosecuting that appeal for the purpose at least of preventing an allowance to the administrator out of the estate of his charges for services and expenses in conducting an irregular and fruitless sale, and the judge of probate could not consistently disallow those charges so long as the proceedings on account of which they were made stood approbated by him. The expenses and services of the administrator in resisting the appeal from the acceptance of that sale, being incurred solely in defence of a void act of his own, ought therefore also to have been rejected by the court of probate.

For these reasons, the judgment of the superior court, affirming the decree of the court of probate appealed from in this case, is erroneous, and must be reversed.

In this opinion the other judges concurred.

Judgment reversed.