[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
This action is an appeal from a probate court decree denying the applicant Sally Carr Hannafin reimbursement from the estate of Julia H. Carr for costs of litigation incurred by her as co-executrix in her unsuccessful application to have a will and codicil admitted to probate and the appeal therefrom. Each party has filed motions for summary judgment, agreeing that the dispositive issue is the application of General Statutes §45a-294, the statute allowing expenses to an executor in a will contest, to the undisputed facts of this case.
This court's role here is unlike its role in other appeals. "The function of the Superior Court in appeals from a Probate CT Page 1062 Court is to take jurisdiction of the order or decree appealed from and to try that issue de novo." Kerin v. Stangle,209 Conn. 260, 264 (1988). In other words, this court considers all the evidence which would have been admissible in the probate court and then "should exercise the same power of judgment which the probate court possessed and decide the appeal as an original proposition unfettered by, and ignoring, the result reached in the probate court." Prince v. Sheffield, 158 Conn. 286, 298
(1969). Further, the court's role here is as a court of equity. See McConnell v. Beverly Enterprises-Connecticut Inc.,209 Conn. 692, 697, (1989).
The following facts relevant to the motions are not in dispute and are found in the pleadings, supporting affidavits and probate court decrees. On August 2, 1993, Julia H. Carr died, leaving an instrument dated July 8, 1993, purporting to be her last will and testament, and an instrument dated July 16, 1993, purporting to be her first codicil to that will. Under the codicil, Hannafin was co-executrix of the July 8, 1993 will. Hannafin petitioned the Probate Court to admit said will and codicil. That petition was contested. On February 12, 1996, the Probate Court denied Hannafin's application to admit the will and codicil. That denial was appealed to the Superior Court but the appeal was withdrawn prior to trial. Hannafin then sought allowance of litigation expenses and costs for her defense of the will and codicil in the Probate Court and on appeal. The Probate Court denied her request on December 11, 1998. In its decree, the court found the following:
 1. C.G.S. Section 45a-294 allows the probate courts the discretion to determine not only whether the applicable expenses are just and reasonable in nature and scope but also whether it would be just and reasonable to charge the same to the estate.
 2. Although the petitioner has standing to seek reimbursement of her expenses under the statute, in this case where the Probate Court found that the petitioner executed undue influence on the Testatrix in procuring the Will and Codicil, the Court finds that it would not be just and reasonable to allow those expenses to be charged to the estate.
3. Therefore, the petitioner's application is denied.
CT Page 1063 In this appeal from that ruling, the Estate has propounded a number of special defenses: breach of fiduciary duty, estoppel, the public policy against benefitting [benefiting] from one's wrongdoing, unclean hands and fraud.[1] The parties have each filed motions for summary judgment on the issue of whether General Statutes § 45a-294 allows Hannafin to recover. That statute, which is entitled, "Expenses of executor or administrator in will contest" reads,
 (a) The court of probate having jurisdiction of the testate estate of any person shall allow to the executor his just and reasonable expenses in defending the will of such person in the probate court, whether or not the will is admitted to probate.
 (b) If there is an appeal from the order or decree of such court, admitting or refusing to admit to probate the will of such person, the court of probate shall allow to the executor or administrator his just and reasonable expenses in supporting and maintaining or defending against such will, on such appeal.
 (c) Such expenses shall be charged by such court pro rata against the respective rights or shares of the devisees and legatees under such will and the distributees of such estate.
§ 45a-294.
The estate first argues that the probate court's February 12, 1996 determination that this will and codicil were invalid due to the undue influence in part exerted by Hannafin is entitled to a collateral estoppel effect. Hannafin does not dispute this finding of undue influence on her part. In fact, Hannafin states there are no disputed facts material to these motions for summary judgment. In light of that concession, the court does not address the issue of collateral estoppel.
Summary judgment must be granted if the pleadings, affidavits, and other documentary proof show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. Practice Book §17-49; Suarez v. Dickmont Plastics Corp., 229 Conn. 99, 105
(1994); Telesco v. Telesco, 187 Conn. 715, 718 (1982); Yanow v.Teal Industries, Inc., 178 Conn. 262, 268 (1979). A "material" fact is one which will make a difference in the outcome of the CT Page 1064 case. Hammer v. Lumberman's Mutual Casualty Co., 214 Conn. 573,578 (1990). In ruling upon a summary judgment motion, the court merely determines whether an issue of fact exists, but does not try the issue if it does exist. Michaud v. Gurney, 168 Conn. 431,433 (1975). Here, there is no issue of fact in dispute; the motions present a question of law.
The parties differ on the interpretation of General Statutes § 45a-294. The estate argues that "just and reasonable expenses" cannot include expenses incurred by an executrix guilty of undue influence. Hannafin argues that "just and reasonable expenses" applies only to the nature of the expenses and not to the conduct of the executrix. She further argues that the phrase "whether or not the will is admitted to probate" addresses this very situation so that the statute's explicit language clearly allows her recovery of expenses. She ultimately argues that the court is faced with two options: to apply the statute as it reads and allow her recovery or to declare the statute unconstitutional. Although the analysis is well propounded, the court disagrees with it.
The statute clearly allows an executor to recover "just and reasonable expenses" in defending a will, even if that will is not admitted to probate. Here, the will was not admitted. If the undisputed facts ended there, the court could only conclude that Hannafin should recover.[2] The undisputed facts include the additional and significant fact that Hannafin participated in the undue influence invalidating the will and codicil. Notwithstanding Hannafin's argument to the contrary, there is no language in the statute that mandates the award of expenses when the executor has exerted undue influence upon the testator in procuring a will.
While there are no Connecticut cases interpreting this statute in such a circumstance, there is helpful language in Supreme Court authority. In French v. Oberreuter, 157 Conn. 181,193 (1968), the court noted that an executor must use good faith in incurring expenses on behalf of the estate. Likewise in Hewittv. Beattie, 106 Conn. 602, 613 (1927), an appeal involving the construction of a will, the court discussed the duties and obligation of an executor in incurring expenses for the estate.
 [O]bligations incurred by reason of positive misconduct or violation of duty on [the executor's] part would not be allowed to him; although, if he acted reasonably and in CT Page 1065 good faith, the mere fact that, as later appeared, he had misjudged the situation or incurred expenses unnecessarily, would not prevent their allowance to him. Robbins v. Wolcott, 27 Conn. 234, 238.
Id.
Hannafin cites the noted case of Bird v. Plunkett,139 Conn. 491 (1953), for the proposition that this court cannot use the common law to thwart the purpose behind "the bright line rule" of General Statutes § 45a-294. Bird is distinguishable on the facts and the law. There, the pertinent statute forbade a person found guilty of murder in the first or second degrees from inheriting from the estate of the victim. Plunkett was convicted of manslaughter, and his deceased wife's next of kin brought a declaratory judgment action to determine whether Plunkett could inherit. The plaintiff argued that the ancient maxim that no one should be allowed to profit from his own wrong should apply to bar inheritance by Plunkett. Examining the language, legislative history and date of enactment of the statute, the court concluded:
 After full consideration of the reasons advanced by counsel and those contained in the many authorities which have been cited, it is our conclusion that, at the time when § 7062 was originally adopted as § 1316i of the 1947 Supplement to the General Statutes, the right of a surviving husband who had killed his wife to succeed to the latter's property was dependent solely upon the application of the provisions of either the statutes as to wills or the statutes as to succession, as the case might be, unaffected by any such rule of the common law as is claimed by the plaintiffs. The effect of the adoption of § 7062 is the remaining question. The conclusion just stated leaves little force to the plaintiffs' principal argument in support of the construction of § 7062 for which they contend. It limits the question of interpretation simply to a determination of the effect to be accorded this section as an amendment of the statutes concerning wills and succession referred to above. As so viewed, its wording is so clear and free from ambiguity as to leave little room for doubt as to its meaning. In so far as applicable to the facts of the instant case, it simply states that "[n]o person finally adjudged guilty . . . of murder in the first or second degree shall be entitled to inherit or take any CT Page 1066 part" of the property "of the person killed," either by virtue of any succession statute or under the will of such person. When § 7062 is read in connection with the other statutes to which reference has been made, the plaintiffs' suggestion that one convicted of "manslaughter" of the testatrix and not "murder" is by its terms barred from taking under her will is without merit.
Id., 502-03.
In General Statutes § 45a-294, on the other hand, the legislature does not explicitly set forth specific circumstances as to the conduct of the testator. Rather, it allows the court to determine and award of "just and reasonable expenses". There is nothing in the statute to limit that equitable determination. Accordingly, as noted by the court in its ruling on the Motion to Strike, the court may well consider the conduct of the executor in making that determination.
 The court finds that § 45a-294 does not bar Carr's special defenses of breach of fiduciary duty, estoppel, public policy, unclean hands and fraud at this stage of the litigation. This court is a court of equity, and these five particular special defenses may have some bearing on whether the attorney's fees and expenses incurred were "just and reasonable" under § 45a-294. Therefore, Hannafin's motion to strike the first, second, third, sixth and seventh counts is denied.
Estate of Carr v. Carr, Superior Court, judicial district of Litchfield, Doc. No. 78818 (June 28, 1996, Pickett, J.) Further, since the passage of General Statutes § 45a-294 as it now reads, the courts have continued to rely upon the proposition stated in Robbins v. Wolcott, 27 Conn. 234, 238 (1858), that "[p]ositive misconduct and violation of duty on the part of an administrator form an absolute and unqualified bar to any claim for an expenditure which is caused by it." See French v.Oberreuter, supra, 157 Conn. 193; Weidlich v. Weidlich,151 Conn. 471, 473 (1964) ("To justify charges for the expense of defending litigation, it must be shown by the one who claims to be serving as a fiduciary that he was defending in the interest and for the benefit of his principal. Clement's Appeal, 49 Conn. 519, 530.")
In light of the applicant's conduct in procuring the invalid will and codicil through undue influence, there are no "just and CT Page 1067 reasonable expenses" to award. Accordingly, the estate's motion for summary judgment is granted, Hannafin's motion for summary judgment is denied and judgment may enter in favor of the respondent estate.
The court commends both counsel on their excellent and helpful memoranda.
DiPentima, J.