## WALLER vs. THE ELEVENTH SCHOOL DISTRICT IN THE TOWN OF NEW MILFORD.

Where the defendants were a school district, and the question was, as to the title to land, under a deed to them from the plaintiff; it was held, that a vote of such district, passed at a legal meeting, at which the plaintiff was present, was admissible, in connection with other testimony, for the purpose of showing the assent thereto, given by him. Held, also, that the offer of the defendants, to pay for the land in question, was admissible, as explanatory of what the plaintiff said and did, to show that his conduct, when such offer was made, was inconsistent with the claim made by him, on the trial.

Where witnesses were allowed to testify, that, for a period of nearly a year, they never heard the plaintiff complain that such deed had been unfairly obtained, although they frequently saw him, and the testimony was received, in connection with other evidence, conducing to show the acts and declarations of the plaintiff, recognizing the defendants' title ; on a motion for a new trial, on that ground, it was held, that, as the testimony might have related to the silence of the plaintiff, under circumstances which made it his duty to speak, it did not distinctly appear, from the motion, that illegal testimony was received, and that the objection was not sufficiently specific.

The amount of evidence, required to prove the loss of a written instrument, for the purpose of admitting secondary evidence of its contents, depends, in a great measure, upon the nature of the instrument, and the circumstances of the case.

A subscription paper was put into the hands of the plaintiff's son, for circulation, but the sum requisite to render such paper obligatory, was not subscribed, and it became of no value. The defendants did all in their power to obtain such paper, and were chargeable with no neglect, but they omitted to call the plaintiff's son, to testify as to its loss ; held, that the plaintiff was not entitled to a new trial, on the ground that the court admitted parol evidence of the contents of such paper.

THIS was an action of disseisin, to recover possession of a certain tract of land, containing about one-sixteenth part of an acre, with a school-house thereon.

The cause was tried before the jury, at the term of the superior court, holden at Litchfield, in February, 1853.

On the trial, it was admitted, that the title to the demanded premises was in the plaintiff, unless he had conveyed the same to the defendants, by his deed, bearing date Nov. 22, 1845.

The defendants, in support of their title, offered in evidence, a vote of the district, passed in the spring of 1845, authorizing Lewis B. Sherwood, to purchase the land in question, for a school-house, at the price of fifty dollars, accompanied with proof, that the same was known to the plaintiff. Sherwood testified, that, in pursuance of that vote, he made a verbal contract with the plaintiff, for the purchase of the land, at the price limited, and that nothing was said, respecting the time of payment, whether it should be on the delivery of the deed, or at some future time, when the district should raise the money therefor. The defendants further introduced evidence to prove, that, in pursuance of that contract, the plaintiff, on said 22d day of November, freely and voluntarily delivered said deed, as his deed, then to take effect as such.

The plaintiff denied that he ever delivered said deed, or intended to deliver it, unless the purchase price was paid; that he merely put the deed into Sherwood's hands, at his request, to enable him to inspect the same; who, thereupon, wrongfully and fraudulently retained the deed, and refused to pay the purchase price.

The defendants, as conducing to show a valid delivery, and that the plaintiff had, at different times, and on various occasions, recognized their title, offered in evidence, certain votes of the district, passed subsequent to the delivery; to the admission of which the plaintiff objected. The court ruled, that no vote of the district, favoring their own claims, was admissible, as such, against the plaintiff. But if the plaintiff was present, when any such vote was passed, and concurred in the same, or if such vote was communicated to him, and he acted under, and in conformity with the same, thereby recognizing the defendants' title, under said deed, such record, accompanied with such proof of approval, by the plaintiff, might be read.

The defendants, for the same purpose, offered the collector of the district, to testify, that, in the spring of 1847,

he informed the plaintiff, that he was ready to pay him for the land, but that the plaintiff said he would not receive part, without the whole ; that, two weeks afterward, he procured specie in full, for principal and interest, and tendered it to the plaintiff, who declined receiving it, because, he said, he had sold the land, and, on neither occasion did he make any other objection. To this evidence of tender, the plaintiff objected, but the court admitted the same, in connection with the accompanying facts.

The defendants introduced much other evidence, conducing to prove, that the plaintiff had recognized the defendants' title under the deed, and had waived all objections to the delivery of the same. Among other evidence for this purpose, the defendants offered to prove, by parol, that, in the spring of 1846, the plaintiff attended a school meeting in the new school-house, when it was proposed, that money should be raised, by subscription, to defray the expenses of erecting the house, on said land, and to pay the plaintiff the sum due him for the same. To this proposition the plaintiff assented. A subscription paper was then drawn up, containing a provision, that it should be void, unless three hundred dollars should be subscribed ; and the plaintiff immediately subscribed twenty-five dollars for those objects. To the admission of this evidence, and especially the tenor and contents of the paper, the plaintiff objected, unless the original subscription paper was produced.

The defendants, therefore, proved to the court, that the paper was put into the hands of Homer Waller, Jr., a son of the plaintiff, for circulation,—that the requisite sum was not subscribed within the time limited,—and that the defendants, by their agent, had repeatedly inquired of young Waller, for the paper, who had always replied, that he had searched for it, and did not know what had become of it, and never produced it. They also proved, that inquiry had been made for it, of the clerk of the district, who had searched, but could not find it.

The court, thereupon, admitted the evidence, although it was insisted, by the plaintiff, that young Waller should be called by the defendants, to testify concerning the paper and its loss.

The defendants offered said Sherwood, and several other witnesses, to testify, that, from the time when the said school-house was erected, until nearly a year afterward, they never heard the plaintiff complain that said deed had been unfairly obtained, although they saw him frequently. To the admission of this evidence, the plaintiff objected, but the court admitted the same, in connection with other evidence in the case, tending to show the acts and declarations of the plaintiff, recognizing the defendants' title.

The jury having returned a verdict in favor of the defendants, the plaintiff moved for a new trial, and the questions of law were reserved for the advice of this court.

*J. H. Hubbard,* for the plaintiff, contended, 1. That the record of the vote of the district, long after the pretended delivery of the deed, although the plaintiff might have been present, when the vote was passed, ought not to have been admitted; because, if there was no delivery, the plaintiff could not be divested of his title in that way.

2. That the tender of the price of the land, and refusal of the plaintiff to receive the money, was not evidence, conducing to show a delivery of the deed, and it should have been rejected.

3. That parol proof of the contents of the subscription paper, should have been rejected. There was no proof of its loss. Homer Waller, Jr., who had been appointed to hold and collect the subscription contract, was a competent witness, and should have been called.

4. That the testimony of witnesses, that they had never heard the plaintiff complain, that the deed was unfairly obtained, was inadmissible. His silence, when in the presence of his enemies, surely was not an admission, that no

wrong had been done him. *West* v. *Anderson,* 9 Conn. R., 107.

*Harrison,* for the defendant, contended, 1. That the votes of the district, relating to the purchase of the land, connected with the fact, that Waller knew what the votes were, and proceeded to make the contract, under and pursuant to such votes, were relevant and proper evidence. *Bartlett* v. *Kinsley,* 15 Conn. R., 327.

2. That the contract between Waller and the district was valid in law, although no money was paid, or agreed to be paid, at the time the deed in question was delivered. 1 Sw. Dig., 128.

3. That the delivery of the deed to the district, and its being in their possession, furnish a strong presumption that it was *fairly* delivered, *for the purposes expressed therein,* and the *onus* of showing the contrary is thrown upon the plaintiff. 2 Greenl., Ev., 299. 1 Sw. Ev., 131.

4. That proof relating to the subscription, was properly received. 1 Stark. Ev., 349. *Witter* v. *Latham,* 12 Conn. R., 392. *Kelsey et al.* v. *Hanmer,* 18 *id.,* 311.

5. That the subsequent assent and ratification of Waller, was proper evidence. 1 Green., Ev., 260–262. *Church and another* v. *Sterling and another,* 16 Conn. R., 388. *Noyes* v. *Ward,* 19 *id.,* 250.

6. That the finding of the jury ought not to be disturbed. 9 Pick., 183. *Selleck* v. *Sug. Hol. Turn. Co.,* 13 Conn. R., 460, 453.

WAITE, J. The defendants, in the present case, claimed title to the demanded premises, by virtue of a deed from the plaintiff. There was no controversy, as to the execution of that deed, but the question, upon which the parties were at issue was, whether it had been duly delivered.

The plaintiff insisted, that he had merely placed it in the hands of the defendants' agent, for inspection, without intending to deliver it, until the purchase price was paid, and

that the agent had fraudulently kept the deed, never having paid for the land.

To rebut this claim, and to show that, in repeated instances, the plaintiff had subsequently recognized their title, the defendants introduced certain evidence, to the admission of which he objected.

1. He objected to certain votes of the district, passed subsequent to the delivery of the deed. These votes, unconnected with other evidence, clearly would have been inadmissible. And all such votes were excluded by the court below. It was not in the power of the defendants, by any acts or declarations of theirs alone, to make evidence for themselves, or impair the validity of the plaintiff's title.

But, if the plaintiff was present, when any vote was passed relating to their title, and assented to the same, such vote, in connection with his assent, would be admissible, not simply as an act of the defendants, but, as showing the assent which he gave.

Thus, had the defendants passed a vote, laying a tax for the purpose of paying the debt, which they owed him for the land, and he, as a member of the district, had concurred in that vote, without objection, such vote, in connection with his acts, would be admissible, for the purpose of showing his implied admissions, and, without such evidence, his acts might be entirely unintelligible.

So, of a vote communicated to him, to which he gave his assent; the vote would be admissible, to show what assent was given.

Thus, where certain depositions taken before a magistrate, in a criminal proceeding against the plaintiff, in his presence, were offered in evidence against him, Denman, C. J., admitted them, but told the jury, that they were no evidence whatever, of the truth of any matter stated in them, except, in so much, as the plaintiff might have admitted them to be true, by anything he himself had said. *Jones* v. *Morrell*, 1 Car. & Kir., 266, (47 E. C. L.)

And even the declarations of the prisoner's wife, made to him, in connection with his reply, have been received in evidence against him. *Rex* v. *Bartlett*, 32 E. C. L., 759.

2. The offer to pay for the land, and the tender of the money, stand upon similar ground. Alone, they prove nothing, and would be inadmissible. But they were offered and received, as explanatory of what was said and done by him on these occasions, and to show, that his language and conduct then, was inconsistent with the claim made by him, on the trial.

Then he would not receive the money, unless the whole was paid, and finally, he would not receive it, because he had sold the land,—but, on the trial, his claim was, that no debt was due to him, because he had never given a conveyance of the land. We think the right distinction was made, in the court below.

3. The defendants offered Sherwood and others, to testify, that, for a period of nearly a year, they never heard the plaintiff complain, that the deed had been unfairly obtained, although they frequently saw him.

If, by the motion, we are to understand, that the witnesses proved the mere silence of the plaintiff, when he was under no obligation to speak, the evidence was improperly admitted. The tendency of such testimony would be, to mislead the jury. They might attach importance to it, from the mere fact, that it was admitted by the court, for them to weigh and consider, when it was entitled to no consideration whatever.

But, if it related to a silence, under circumstances making it his duty to speak, the case would be different. Thus, if the defendant, in an action upon a promissory note, were to call witnesses to prove, that they never heard the plaintiff say, that he had such a note, the testimony would prove nothing; for the creditor was under no obligation to publish to the world the defendant's indebtedness.

But, if a man stands by, and sees another selling his prop-

Waller *v.* The Eleventh School District of the Town of New Milford.

erty, knowing what he is doing, and making no objection, his silence would be evidence against him, to prove his acquiescence in the sale. For, if he did not intend to assent, it was his duty to give notice to the purchaser, and not suffer him to be defrauded.

The motion, in the present case, states, that the testimony was received, in connection with other evidence, conducing to show the acts and declarations of the plaintiff, recognizing the defendants' title. If, by this, we are to understand that, when the plaintiff was doing acts and making declarations, recognizing the defendants' title, he was silent, as to any claim of title on his part, we see no objection to the testimony.

One of the witnesses, thus called, was Sherwood, to whom the deed was delivered. Now, if the plaintiff frequently saw him, and never, for nearly a year afterward, made any claim to have the deed returned, it would be pertinent, and even strong presumptive evidence, that the delivery of the deed was originally intended to be an absolute delivery.

So, if a school-meeting were called, for the purpose of raising money, to pay for the land purchased of the plaintiff, and the house erected thereon, and the plaintiff was present, saw a subscription paper circulated for that object, and subscribed it himself, without making any claim, that the house and land did not belong to the district, his silence, under such circumstances, would be evidence, that he had no claim upon the property. For, if he had, it was his duty so to have informed the defendants, and saved them from the trouble and expense of doing an unnecessary act.

To justify us in setting aside the verdict, upon this ground, the objection ought to have been more specific, that we might clearly see that illegal testimony was received.

4. The remaining exception is, that the evidence of the loss of the subscription paper was not sufficient, to justify the admission of the secondary evidence.

The rule, as established by the modern decisions, is, that

the amount of evidence required to prove the loss of a written instrument, for the purpose of admitting secondary evidence of its contents, depends, in a great measure upon the nature of the instrument and the circumstances of the case. *Witter* v. *Latham*, 12 Conn. R., 392. *Kelsey* v. *Hanmer*, 18 *id.*, 311. *Brewster* v. *Sewall*, 5 E. C. L., 291. ` *Freeman* v. *Avhell*, 9 *id.*, 159.

Thus, it is obvious, that the same evidence ought not to be required, to prove the loss of a promissory note, after the debt had been paid, and the note taken up by the maker, as would be requisite to establish the loss of a deed, under which a party claimed title. For, it is not usual to preserve instruments of the former character, after the debts which they represent have been paid ; while title-deeds are generally kept with care.

The paper, in the present case, had become of no value, and no reason existed for its preservation. It was to be obligatory, only in case a certain amount should be subscribed, within a special time. That time had expired, and the requisite amount had not been obtained. It might then be treated as mere waste-paper. Inquiry was indeed made for it, of the clerk of the district, but that could hardly be deemed necessary, as there was no evidence, that it was ever in his possession, or that there was any obligation on him to keep it.

The defendants are chargeable with no neglect, and have done all in their power, to obtain the instrument. The only ground of complaint is, that the plaintiff's son was not called to testify, as to the loss. His testimony would have rendered the evidence more satisfactory, and ought to have been required, had there been any reason to believe, there was any collusion between him and the defendants. But nothing of that kind appears.

Considering, therefore, the character of the paper, the absence of all unfairness, on the part of the defendants, and

the efforts made by them to obtain the paper, we think there was reasonable evidence of its loss, and that the verdict ought not to be set aside, because parol evidence was admitted. Indeed, that evidence related rather to the object and character of the instrument, than to any particular phraseology of the language used.

We do not therefore advise a new trial.

In this opinion the other judges concurred, except CHURCH, C. J., who tried the cause in the court below.

No new trial advised.