SAMUEL WOODRUFF AND OTHERS vs. CURTIS BACON.

An order of the Superior Court, erasing a case from its docket, was reversed by the Supreme Court at its term in February, 1867, but no order was made by the latter court remanding the case, and it was not re-entered in the docket of the Superior Court until its September term, 1867, two terms having intervened. By statute the Supreme Court on reversing a judgment may, if the reversal admits of the further prosecution of the suit, remand the case to the court below, and the plaintiff may enter it in that court for trial. Held that, upon the reversal of an order erasing a case from the docket, no order of the Supreme Court remanding the case was necessary, but that it was properly the duty of the clerk at once to re-enter it, and that on his neglecting to do so, the Superior Court might, at a later term, in its discretion order it.

An order erasing a case from the docket is to be regarded as a final judgment for the purpose of a review of it on error, but is not a judgment in the ordinary sense of the term.

Where a garnishee has mingled the money attached in his hands with his own, and has used it as his own, he may properly be required to pay interest on it.

And this interest attaches as an incident to the debt, and the factorizing creditor can recover it with the debt.

SCIRE FACIAS, brought to the Superior Court in Hartford county, on a proceeding in foreign attachment against David S. Stetson and others, in which the present defendant was factorized as having the moneys of the original defendant in his hands. The case was tried on the general issue closed to the court, before *Pardee, J.*

On the trial it was proved and not denied, that at the September term, 1866, of the Superior Court for Hartford county, the cause was by order of the court erased from the docket, on the ground that the writ was signed by a justice of the peace and not by the clerk of the Superior Court, and did not issue from the court, and that the court had therefore no jurisdiction of it; that thereupon the plaintiffs filed their motion in error, and the record in the cause was transmitted to the Supreme Court of Errors holden at Hartford on the fourth Tuesday of February, 1867; that the Supreme Court at that term, and before the commencement of the March term, 1867, of the Superior Court, rendered judgment reversing the order of the Superior Court, and caused the judgment to be duly entered on the docket of the Supreme Court on the tenth day of the term, which was the eighth day of March, 1867; but the Supreme Court made no order remanding the cause to the Superior Court.

It was also proved and not denied, that after the rendition of the judgment by the Supreme Court no motion was made by the plaintiffs in the Superior Court, either at the March term, 1867, or at the July term, 1867, to re-enter the cause on the docket of the court, nor was the cause re-entered on the docket at either of those terms, nor until the third day of the September term, 1867, when the plaintiffs moved the court to re-enter the case on its docket.

The defendant resisted the motion and claimed, as matter of law, that, inasmuch as the Supreme Court had made no order remanding the cause to the Superior Court, the Superior

Court had no jurisdiction of the cause, either to order the same re-entered on the docket or to grant permission to enter the same on the docket, or to make any order whatever in relation thereto, and could not legally make such order or grant such permission; and also claimed that, even if the Superior Court had jurisdiction of the cause for any purpose, it could legally make such order or grant such permission only at the first term succeeding the rendition of the judgment by the Supreme Court of Errors, and that inasmuch as two terms of the Superior Court had elapsed since the rendition of the judgment, and no motion to re-enter the cause on the docket had been made at either of those terms by the plaintiffs, the motion was made too late, and the court could not legally entertain or allow the same; and asked the court so to decide. The plaintiffs contended on the other hand that the court had jurisdiction to allow the motion, and that the allowance thereof would be legal. The court overruled the claims of the defendant, and allowed the motion of the plaintiffs, and ordered the cause to be re-entered on the docket, and the same was so entered accordingly.

On the trial the defendant moved the court to erase the cause from the docket, and claimed that the court had no jurisdiction to order the same re-entered on the docket as aforesaid, and that the cause was not legally before the court. The court overruled the claims of the defendant, refused to grant the motion, and proceeded to try the cause, and rendered final judgment in it.

The plaintiffs contended that they were entitled to interest on the moneys in the hands of the defendant from the time they were received by him, and he became indebted to the defendants in the original suit. The defendant contended to the contrary, and further claimed that the plaintiffs, if entitled to interest at all, were so entitled only from the time of the demand made upon him on the execution issued in the suit in which he was garnisheed. The plaintiffs claimed, and the defendant admitted, that when he received the funds in question he mingled them with his own funds in one common mass, from which mass he withdrew money for his own pur-

poses from time to time as he saw fit, down to the time of the trial, and that at sundry times, from the time of the receipt of the funds in question, down to the time of the trial, he did not have on hand in the whole an amount of cash equal to the funds in question originally received by him, although he could at any time, if necessary, have raised the same at short notice. The court overruled the claims of the defendant above stated, and rendered judgment against the defendant for interest on the moneys from the time when they came into his hands up to the time of judgment.

The defendant moved for a new trial for errors in the rulings and decision of the court, and also filed a motion in error, assigning as error the irregularity in the issuing of the writ of *scire facias*, the want of authority in the court to order the case re-entered in its docket, after the reversal of its order erasing it from the docket, without an order of the Supreme Court remanding the case, or at all after more than one term had passed, and the want of jurisdiction in the court to entertain the case after it had been stricken from its docket and not regularly restored.

*F. Fellowes* and *C. E. Fellowes*, in support of the motions.

1. The cause was terminated in the Superior Court by final judgment at the September term, 1866, and accordingly went out of that court, and could only be re-entered by some legal mode. The Superior Court ceased to have any jurisdiction of it. The first question is, what was the legal mode of re-entry in that court. The mode is provided by statute. Gen. Statutes, p. 46, secs. 216, 217. The mode is an order of the Supreme Court remanding the cause. This mode being provided by statute is exclusive. No other will answer. If any other mode would answer the statute would be nugatory. This mode was not followed. No such order was made. Therefore the Superior Court had no jurisdiction to order or permit the re-entry.

2. But if it were otherwise, the re-entry can be made only at the first term of the Superior Court succeeding the reversal. The case is analogous to that of entry by an administrator or

executor, which must be at the first term.   To hold otherwise
would allow parties to enter at any time without limit.   *Russell* v. *Hosmer*, 8 Conn., 229; *Northum* v. *Kellogg*, 15 id.,
569.   After reversal by the Superior Court the cause must be
entered at the same term.   *Marsh* v. *Deming*, 1 Root, 85.

3.  No interest is recoverable.   1st.  Only the debt due from
the garnishee to the original defendants at the time the copy
is left with him in service is attached by foreign attachment.
Gen. Statutes, p. 66, § 289, p. 67, § 293.   2d.  The garnishee
having been restrained by process of law from paying the principal, without fault of his own, should not be compelled to pay
interest.   1 *Am. Lead. Cases*, 527, and cases cited; *Stevens* v.
*Barringer*, 13 Wend., 639.   3d.  There was no agreement between the garnishee and the original defendants to pay interest.   Interest if recoverable at all, is recoverable not as *interest*, but as damages, and damages can not be attached by foreign attachment.   *Prescott* v. *Parker*, 4 Mass., 170; *Adams*
v. *Cordis*, 8 Pick., 260, 268; *Oriental Bank* v. *Tremont Insurance Company*, 4 Met., 1.

*T. C. Perkins* and *Hyde*, contra.

Hinman, C. J.   This is a writ of *scire facias*, signed by a
justice of the peace, and not, as it should have been, by the
clerk of the Superior Court.   On account of this irregularity
the Superior Court, on the defendant's motion, made several
terms after the case had been pending in court, and had been
regularly answered to by the defendant without any objection
to the regularity of the process, ordered the case to be erased
from its docket.   But the Court of Errors held this erasure
thus ordered to be erroneous, on the ground that the defendant, by not taking advantage of the irregularity earlier, had
waived it, and thereupon reversed the order erasing the case
from its docket.   See 34 Conn. R., 181.   The cause was restored to the docket of the Superior Court at its September
term, 1867; and on a trial at that term the issue was found
for the plaintiffs and judgment rendered in their favor; and
from this judgment the defendant now brings before this
court his motion in error, and also a motion for a new trial;

and he relies upon the fact that from an inspection of the whole record, and from the clerk's docket, it appears that the cause was erased from the docket at the September term of the Superior Court in the year 1866, and was not re-entered upon the docket until the September term in the year 1867, while there is no record showing any order of the Supreme Court of Errors remanding the cause to the Superior Court; and upon the further fact that it was not re-entered in the docket of the Superior Court at its first term after the Supreme Court of Errors had reversed the order erasing it.

The erasure from the docket was the act of the Superior Court, and not the act of the party, and this court has held it to be an erroneous and wrongful act. But it was not a judgment in the ordinary sense of that word. The rights of the parties in respect to the subject matter of the claim were not fixed by it, and no costs were recoverable as in the case of an ordinary judgment. But as, unreversed, it put an end to the proceeding, we held the order to be a final judgment within the meaning of the statute authorizing writs and motions in error to be brought, since otherwise the plaintiffs would have been wholly remediless. Yet in a legal sense it was rather a refusal to try and determine, and thereupon render a judgment in the cause, than any judgment whatever. The effect, therefore, of the reversal of the order was to leave the cause as if it had never been made. The order ceased any longer to have any effect whatever, or properly any existence; and being rendered wholly void, it was effectually destroyed and removed out of the way by the reversal of it. It appears to us, then, that it was rather the duty of the clerk, when knowledge of the reversal of the order was communicated to him, without any motion to or action by the court, to re-enter the case upon the docket. He would most clearly have been justified in so doing without any action of the court directing it to be done. It was unlike the ordinary reversal of a judgment of the Superior Court. In that case it does not ordinarily appear from the face of the judgment reversed, or of the judgment of reversal, or of both of them together, that further proceedings in the cause will be neces-

sary. Here it does necessarily so appear, since the error was in dismissing the cause without a trial, which the party plaintiffs claimed they were by law entitled to. If we are right in supposing that it was the duty of the clerk to have re-entered the case upon the docket, without any order for that purpose, then it follows that there was no necessity for an order of the Supreme Court of Errors remanding it to the Superior Court for trial on its merits, and this ground of error claimed by the defendant fails.

But again, it is said that, however this may be, the re-entry can be made only at the first term of the Superior Court next succeeding the term of the Supreme Court of Errors at which the order of erasure was reversed. That this is the practice in the ordinary case of the reversal of a judgment of the Superior Court on a ground which shows that the action can still be maintained, there can be no doubt. But in a case of this sort, where it was the duty of the clerk to make the re-entry without any formal remanding of the case to that court by the Court of Errors, the Superior Court on discovering or being informed that the clerk had not re-entered the cause, might and ordinarily would order the clerk to re-enter it for trial. As a matter of practice in the Superior Court no doubt this ought generally to be done at the first term of that court next after the reversal. But we have no doubt that circumstances may justify a departure from this general practice. And as in this case the plaintiffs had reason to suppose that the re-entry would be made without any suggestion from them, we can not say that the Superior Court acted improperly in holding that the plaintiffs were not chargeable with laches in not seeing that it was done at an earlier day. Besides, it being the duty of the clerk to make the entry, we are of opinion that in point of law it may well be deemed to have been done at the time it ought to have been, and may therefore be treated as if in fact it had been done at that time. And unless the delay of the plaintiffs' counsel is so great, in a case like this, in examining the docket and calling the attention of the court to his case, as justly to be deemed a waiver of the

right of re-entry, there can, we think, be no error in the court's causing it to be done.

The same questions which we have considered on the motion in error are again raised upon the motion for a new trial, and need not again be discussed.

The defendant also insists that he should not have been charged with interest on the money in his hands. But the finding shows that the defendant; when he received this money, mingled it with his own funds in one common mass, from which he withdrew so much as he had occasion to use from time to time as he saw fit; and at times he did not have on hand an amount of cash equal to the amount for which this suit was instituted. As, therefore, he actually had the use of a part of this fund, and as he treated it all as if it was his own, and as he did not keep it by itself, or so keep it that he could pay it over to the rightful owner when called on for that purpose, he clearly ought to pay interest.

It is, however, claimed that the defendant is not liable for interest to the plaintiffs, even if he would have been liable therefor to the original debtors for whom he collected the money, because the interest, it is said, is not due by reason of any contract, but only as damages for the detention of the money, and damages it is claimed can not be attached. But we can not recognize the principle that should allow the plaintiffs to recover the debt and not allow them to recover the interest which is the mere incident to the debt arising from the defendant's use of it. In *Adams* v. *Cordis*, 8 Pick., 260, it was held that where a debtor was summoned on the trustee process, and he continued to use the money, he was chargeable with interest up to the time when the money was demanded on the execution; but that where interest was recoverable by the principal defendant only as damages for breach of contract, it will not accrue during the pendency of the trustee process. But we think this last proposition inconsistent with the theory of our process of garnishment, in which the factorizing creditor is entitled to claim all that the debtor could claim of his debtor. And this court has carried out this principle to an extent that seems to us to be decisive of this ques-

tion. In the case of *Knox* v. *The Protection Insurance Company*, 9 Conn., 430, we held that an unadjusted claim for damages for a loss on a policy of insurance might be attached by this process in a suit against the holder of the policy. The object of our statute was said in that case to be, "to secure for the benefit of the creditor *all* the property of the debtor, and *all* his goods, effects, and credits." And giving the statute a fair construction as a remedial statute, we think the trustee should be held liable for all of his debt, whether principal, or incident in the shape of interest, which his creditor could recover of him. And we certainly do not go farther in this case than we went in the case of *The New Haven Saw-Mill Company* v. *Fowler*, 28 Conn., 103, in which we held that damages arising from the negligence of the trustee in towing a raft of logs might be reached by this process.

We are therefore of opinion that there is no error in the judgment complained of, and a new trial is not advised.

In this opinion the other judges concurred.