JOSEPH H. BUCKLEY *vs.* DANIEL F. KELLY.

Third Judicial District, New Haven, Jan. Term, 1898. ANDREWS, C. J., TORRANCE, BALDWIN, HAMERSLEY and HALL, Js.

In an action for an accounting by one partner against another, after dissolution, a consideration of the unsettled accounts of a still earlier copartnership between the same parties, not alluded to in the pleadings, is a matter outside the issue and for that reason may be properly disregarded.

It is the duty of a partner who takes possession of the assets of a copartnership upon its dissolution, for the purpose of winding up its affairs, to do so within a reasonable time. If he neglects to do this and uses the firm property in his own private business, he is, after the lapse of such reasonable time, chargeable with interest on the balance which, upon an accounting, is found due to his copartner.

[Argued January 20th—decided March 2d, 1898.]

ACTION claiming an accounting and judgment for such sum as might be found due thereon, brought to the Superior Court in New Haven County and tried to the court, *Roraback, J.*, upon the defendant's remonstrance to the report of a committee to whom the cause was referred; the court sustained a demurrer to the remonstrance, accepted the report of the committee and rendered judgment for the plaintiff, and the defendant appealed for alleged errors in the rulings of the court. *No error.*

The complaint alleged, in substance, that the plaintiff and

defendant had been partners in the plumbing business, under a written agreement, from May 28th, 1880 to May 31st, 1882, when the partnership was dissolved; that most of its assets remained in the defendant's hands after the dissolution; that its business and affairs were still unsettled; and prayed for an account.

The answer admitted the existence and dissolution of the copartnership as alleged; that a portion of its assets, after dissolution, had remained in the defendant's hands; denied that defendant had used them for his own benefit, and alleged that he had substantially settled its affairs and was, and always had been, ready to account.

The reply denied all the allegations of the answer, "in so far as they are not admissions of the statements contained in the complaint."

The defendant also filed a cross-complaint, setting up certain facts in relation to the copartnership business carried on between May 28th, 1880 and May 31st, 1882, which he claimed entitled him to the allowance of the sums named in his cross-complaint, in his favor, in the accounting. The answer to this was, in substance, a denial of the matters therein set up.

The material facts found are, in substance, as follows : The plaintiff and defendant formed a partnership, under written articles of agreement, on the 28th of May, 1880, to carry on the plumbing business. They carried on said business as partners from that date until the 31st day of May, 1882, when the partnership was dissolved. During said period the defendant drew out of said firm, over and above his advances, $1,932.99, while the plaintiff during the same time drew out, over and above what he advanced, $1,655.70.

On the first of April, 1882, plaintiff notified defendant that he should withdraw from the firm on June 1st, 1882, and about May 1st, 1882, an attempt was made by the partners to settle their accounts, but they were unable to agree. In May, 1882, both parties made demand upon each other for an accounting, and since that time no demand has been made by either party.

At the time of the dissolution the assets and liabilities of the firm were as follows:—

### ASSETS.

| | |
|---|---:|
| Stock of plumbing materials | $1,048.00 |
| Cash on hand | 375.39 |
| Book accounts, afterwards collected | 729.90 |
| | $2,153.29 |

### LIABILITIES.

| | |
|---|---:|
| Accounts payable, | $ 504.46 |
| Balance of assets over liabilities, | $1,648.83 |

After the dissolution all of the books, accounts, assets and property of the firm remained in the possession of the defendant, who assumed the settlement of the business of the firm. Between June 1st, 1882, and January 1st, 1883, he collected accounts of the firm to the amount of $653.78, and paid all the debts of the firm, $504.46. He continued to carry on business as a plumber on the premises which had been occupied by the firm, and the partnership property in his hands was used by him as his own, in his private business, no account being kept of the same. He thus used stock of the firm of the value of $749.66.

Between June 1st, 1882 and January 1st, 1883, the plaintiff collected firm accounts to the amount of $76.12, which he appropriated to his own use. In striking the account between the partners the committee charged both plaintiff and defendant with interest on partnership property actually used by them in their private business, from and after January 1st, 1883. The amount of firm property thus used by the defendant was $1,274.37, and interest was charged to him on that amount from January 1st, 1883, to the date of the committee's report, amounting to $1,113.93; while the amount of the firm property used by the plaintiff was $76.12, and interest upon that sum after January 1st, 1883, to date of report, amounting to $66.53, was charged to him. It was found as the result of the accounting that the defendant owed the plaintiff $1,261.47.

On the hearing before the committee evidence was offered and received, some of it subject to, and some of it without, objection from the defendant, concerning the affairs of a partnership that had existed between the plaintiff and defendant under a verbal agreement, between February 1st, 1880, and May 28th, 1880.   If such evidence was admissible, the committee found with reference to said prior partnership, as follows : —

The plaintiff and defendant did enter into such a copartnership and continued it for the period above named, when they entered into the written agreement of May 28th, 1880. No settlement of the affairs and business of this prior copartnership was made, nor of the accounts of the partners, nor has any been made since, and none was ever asked for by either party.   All the assets of this prior partnership went into the new partnership under the written agreement, and all its liabilities were assumed by the new firm.   No evidence was offered of the amount of the assets, or liabilities of the old firm.   The committee found, however, that the accounts of the plaintiff and defendant with the prior firm, at its close, were as follows : balance of credits over debits in favor of defendant, $1.16 ;  balance of debits over credits against plaintiff, $229.33.   The defendant having withdrawn all objection to the evidence on this point, insisted on argument before the committee that the accounts between the parties prior to May 28th, 1880, should be considered by the committee, while the plaintiff claimed that the same were not in issue in the case.

To the report of the committee the defendant filed this remonstrance:  "The defendant objects to and remonstrates against the acceptance of the committee's report in the above entitled case, because :  (1) It appears that the committee has allowed interest against the defendant Kelly for all material used by the defendant since the dissolution of the partnership from the 1st day of January, 1883, and it does not appear that said Kelly ever used any of the assets of said company or copartnership until long after said date.   (2) It appears and is found that there was always a question be-

tween the plaintiff and defendant as to the amount due between them, and no balance was ever struck between said partners until this report of the committee was filed. (3) Because the accounts between said partners were never liquidated or determined, and the committee has allowed interest from the first day of January, 1883. (4) It appears in evidence and is uncontradicted, that a large amount of the materials left in the possession of said Kelly after the dissolution was used in fulfilling contracts, the amount of which is charged to the defendant Kelly as cash received. (5) It appears that there is still property belonging to the copartnership, and no final accounting can be had until said property is disposed of. (6) The committee has improperly made up the account between the plaintiff and defendant, and has figured the account in an improper manner, because, instead of finding the property belonging to the parties, he has figured and based his conclusions upon the amount drawn out by either party. Wherefore said defendant asks that said report be referred back to said committee that he may correct said account in these respects."

To the remonstrance the plaintiff filed this demurrer: "The plaintiff demurs to the remonstrance of the defendant to the acceptance of the report of the committee: (1) Because the defendant having converted the funds and property of the firm to his own use, is properly charged with interest. (2) Because the defendant having so converted the funds of the firm, and having failed to account for the same, or show the time of the conversion, is chargeable with interest from the time the property was received by him, and is not aggrieved by the charge of interest from January 1st, 1883. (3) Because it is not found that interest has been charged upon balances between the parties, or upon any sum not actually received by defendant and used by him in his business as his own. (4) Because the court has not jurisdiction to review the findings of the committee on a question of fact. (5) Because the fact that there is still property unsold does not present any objection in law for refusal to accept the report of the committee, who could only report

facts as they are, and has no power to control the sale of the property remaining; and because such fact does not in any way prevent the court from proceeding to final judgment on the report of the committee after such property has been sold by its order. (6) Because the committee has proceeded legally and without prejudice to the defendant in ascertaining the share of each in assets of the firm, and in so doing has properly considered the amounts drawn out by each of the parties. (7) Because each and every of the allegations in said remonstrance is insufficient in the law."

The court sustained the demurrer for the reasons set forth in paragraphs 1, 2, 3, 4 and 5 thereof, overruled the remonstrance, and accepted the report. After this the defendant claimed to the court: (1) that no interest should be allowed upon any part of the sums found due to the plaintiff; (2) that in deciding upon the amount due from the plaintiff to the defendant, the entire account between the plaintiff and defendant from February 1st, 1880, should be considered; (3) that the costs should be divided between plaintiff and defendant. These claims the court overruled.

The errors assigned are the following: 1. The court erred in sustaining the plaintiff's demurrer to the defendant's remonstrance. 2. The court erred in overruling the defendant's remonstrance, and in accepting the report of the committee. 3. The court erred in allowing interest to the plaintiff in any of the accounts, on the facts found by the committee. 4. The court erred, in ruling upon the facts found by the committee, in not considering the entire account between the plaintiff and defendant from the time they commenced business.

*William H. Ely*, for the appellant (defendant).

The trial court erred in allowing interest. *St. Paul Trust Co.* v. *Finch*, 52 Minn. 342–351; *Gilman* v. *Vaughan*, 44 Wis. 646–649; *Sweeney* v. *Neely*, 53 Mich. 421–424; *Kemmerer* v. *Kemmerer*, 85 Iowa, 193–195; *Gregory* v. *Menefree*, 83 Mo. 413–423; *Brownell* v. *Steere*, 128 Ill. 209; *Lockwood* v. *Day*, 24 Conn. 193. Where both partners are at fault neither should be allowed interest.

*William L. Bennett*, for the appellee (plaintiff).

The defendant, in settling up the business of the firm after dissolution, held the assets of the firm in trust, primarily for the purpose of paying the partnership obligations, and, when they were extinguished, to account to his partner for his share of the residue. *Tillotson* v. *Tillotson*, 34 Conn. 358; *Dunlap* v. *Watson*, 124 Mass. 305. If he used the funds and property of the firm as his own in his private business, he is chargeable with interest. *Barrett* v. *Kenney*, 24 Conn. 267; *Woodruff* v. *Bacon*, 35 id. 97–104; *Candee* v. *Skinner*, 40 id. 464; *Dunlap* v. *Watson*, *supra*. Since the defendant has rendered it impossible to tell when he actually converted the property to his own use, interest is to be reckoned against him on all the property converted, from the time of the dissolution of the partnership. *Armory* v. *Delamirie*, 1 Sm. L. Cas. 687, *note*; *Perkins* v. *Hollister*, 59 Vt. 348; *Re Mulholland's Est.*, 175 Pa. St. 411; *Re Noble's Est.*, 178 id. 460; *Wolfert* v. *Reilly*, 133 Mo. 463; *Jackson* v. *Shields*, 87 N. Car. 437; *Norris' Appeal*, 71 Pa. St. 123. The court properly refused to consider the account prior to the formation of the partnership. The matter was not within the issues joined.

TORRANCE, J. Upon this appeal the defendant claims, in substance, that the court below erred: (1) in not considering the partnership matters between plaintiff and defendant prior to May 28th, 1880; and (2) in overruling the remonstrance and accepting the report.

We think there was no error in refusing to consider the facts found with reference to the affairs of the prior copartnership, because these facts were outside of the issues raised by the pleadings. From the pleadings it nowhere appears that any copartnership or other relation had ever existed between these parties, prior to May 28th, 1880. All the allegations, admissions and denials contained in them, relate entirely to the affairs of the copartnership after May 28th, 1880, and contain no allusion or hint of any prior relationship between the parties, or of any prior unsettled accounts

between them, or of any claim for an accounting for anything prior to May 28th, 1880.  All the relief and remedy which the parties, by the pleadings, sought in favor of or against each other, related solely and entirely to the unsettled business of the new firm.  Under the circumstances, we think the court below was justified in refusing to consider that part of the report pertaining to the affairs of the old firm.

The principal question raised by the remonstrance, and substantially the only one orally argued before us, relates to the allowance of interest against the defendant.  The defendant claims that upon the facts found by the committee he ought not be charged with interest.  The committee finds that at the date of the dissolution of the firm in May, 1882, " all the books, accounts, assets and property of the firm remained in the possession of the defendant, who assumed the settlement of the business of the firm."

From the facts found it is clear that the defendant, since the first of January, 1883, has had the use of the cash on hand at the dissolution, amounting to $375.39, and of the balance of accounts collected after paying the debts, amounting to $149.32, and has used the same as his own in his business.  It is also clear that he has used in his own business, stock of the copartnership, of the value of $749.66, and there is nothing to show that he had not used this amount of stock prior to the first day of January, 1883.  He thus appears to have had the use, and to have used in his business, since January, 1883, money or its equivalent belonging to the partnership, amounting in all to the sum of $1,274.37.  He assumed the settlement of the copartnership affairs, and had and assumed substantially the sole and entire settlement of them, and there is nothing to show that they could not have been settled completely and finally prior to, and certainly by, the first of January, 1883.  Under these circumstances it was clearly his duty to have settled them within that time, and to have accounted to his copartner for the share of the latter in the surplus.  An accounting had been demanded of him in 1882, and in August of that year this suit was brought to enforce it; it was his duty to render it within a reasonable

time after the dissolution, and the remainder of the year 1882, after the dissolution, might properly be regarded by the committee as a reasonable time for the performance of this duty. Upon the facts found it is difficult to see why the defendant, after January 1st, 1883, was not wrongfully withholding from his copartner money rightfully due to him from the defendant; or why, under such circumstances, the defendant should not be charged with interest. Ordinarily, interest on the balance found due to a partner at the dissolution of a partnership will be allowed from the date of the dissolution, or from such a date as would afford a reasonable opportunity to close up the partnership business. *Allen* v. *Woonsocket Co.*, 13 R. I. 146, 147. A partner who, on the dissolution of the partnership, holds the assets and property of the firm, and is entrusted with the duty of winding up its affairs, is chargeable with interest, as between himself and copartner, if he mingles the money of the firm with his own or neglects unreasonably to settle his accounts. *Dunlap* v. *Watson*, 124 Mass. 305; *Crabtree* v. *Randall*, 133 id. 552; *Robbins* v. *Laswell*, 58 Ill. 203.

The principles laid down in the following cases in our own reports, clearly warrant the allowance of compensation in the nature of interest by way of damages, for the use and wrongful detention of money in a case like the one at bar. *Woodruff* v. *Bacon*, 35 Conn. 97–104; *Regan* v. *New York & N. E. R. Co.*, 60 id. 124–142; *Healy* v. *Fallon*, 69 id. 228.

We are of opinion that interest was properly allowed in the case at bar.

There is no error.

In this opinion the other judges concurred.