EZEKIEL SPITZ *v.* MAX N. ABRAMS.

MALTBIE, C. J., AVERY, BROWN, JENNINGS and ELLS, JS.

Argued May 7—decided June 6, 1941.

*Charles V. James,* with whom, on the brief, were *Arthur M. Brown* and *Samuel M. Gruskin,* for the appellant (defendant).

*Charles Suisman,* for the appellee (plaintiff).

MALTBIE, C. J.  The complaint in this action alleged that the plaintiff and defendant were owners in common of a certain piece of land in New London and that the defendant had received large sums as rentals from the land, for which he had failed to account to the plaintiff; and it prayed an account and judgment for the amount found due.  The answer admitted the ownership of the land in common but alleged that the defendant had fully accounted.  An interlocutory judgment for an accounting was rendered, in which an auditor was appointed.  While his report is not as complete a statement of the facts as would be desirable, the following situation is fairly apparent:  The defendant bought the property for the joint account of the parties and conveyed an undivided one-half interest to the plaintiff; the property was involved in a partnership enterprise conducted by them; and the defendant received the rents from and paid all expenses pertaining to the property and generally handled the moneys of the partnership.  The auditor, in taking the account, reviewed the entire partnership dealings with reference to the land and that is the basis of the account stated in his report.  He found that the plaintiff was entitled to recover a substantial sum from the defendant.  The latter remonstrated against the acceptance of the report upon the ground that, as the complaint claimed only an accounting of the rents received from the property and the report was a general and complete account of all transactions between the parties relating to it, the report went beyond the issues made by the pleadings.  The trial court overruled the remonstrance and entered judgment upon the report.  From this judgment the defendant has appealed.

In an action of account, as in any other, the judgment cannot ordinarily rest upon the determination of issues not fairly within those raised by the pleadings.

*Buckley* v. *Kelly,* 70 Conn. 411, 417, 39 Atl. 601; 1
C. J. S. 677. In such an action, however, the transactions between the parties with reference to the particular matter alleged as a basis of the accounting may require for its proper determination an inquiry into matters not alleged where the two are so interwoven that a full accounting must take them into consideration. *Butler* v. *Cornwall Iron Co.,* 22 Conn. 334, 359; *Lapenta* v. *Lettieri,* 72 Conn. 377, 385, 44 Atl. 730; *Moore* v. *Tanning Co.,* 60 Vt. 459, 465, 15 Atl. 114. Whether, in this case, the partnership dealings were such that under this principle they were fairly within the scope of the accounting sought, we do not need to determine.

The ultimate basis upon which rests the principle that a judgment must ordinarily be restricted to issues reasonably within the scope of the pleadings is that, as to other issues, the adversary party has never been properly brought before the court and hence the court lacks jurisdiction to determine them. *Reynolds* v. *Stockton,* 140 U. S. 254, 268, 11 Sup. Ct. 773; *New Haven Sand Blast Co.* v. *Dreisbach,* 104 Conn. 322, 329, 133 Atl. 99; 33 C. J. 1153. That which is lacking is, however, jurisdiction over the party and may be waived. *Foley* v. *Douglas & Bro., Inc.,* 121 Conn. 377, 380, 185 Atl. 70. Hence it follows that the parties may, by consent, enlarge the scope of the litigation to include issues not raised in the pleadings. *National Circle* v. *Hines,* 88 Conn. 676, 683, 92 Atl. 401; *Frear* v. *Sweet,* 118 N. Y. 454, 458, 23 N. E. 910; 33 C. J. 1154. The report of the auditor contains statements of the counsel for the defendant, made before him and claims advanced on behalf of the defendant, which put it beyond doubt that the defendant consented to and actively participated in the inclusion in the accounting of all the transactions between the parties with refer-

ence to the land in question. Having consented to the scope of the accounting while it was being taken by the auditor, he had no right, when the question of the acceptance of the report came before the court, to have the benefit of the claim he made before it.

There is no error.

In this opinion the other judges concurred.