Frederick E. Weidlich, Ancillary Administrator (Estate of Frank B. Weidlich) *v.* Clifton F. Weidlich, Executor (Estate of William Weidlich), et al.

King, C. J., Murphy, Shea, Alcorn and Palmer, Js.

Argued December 3, 1963—decided March 12, 1964

*Clifton F. Weidlich,* for the appellants (named defendant et al.).

*James J. O'Connell,* with whom were *Daniel D. McDonald* and, on the brief, *Thomas J. Dolan,* for the appellee (plaintiff).

SHEA, J. This action was brought to obtain judicial approval of the final account of the liquidation of the Weidlich Sterling Spoon Company, a partnership which was dissolved on January 10, 1950, by agreement of the three partners, William, Louis and Frank B. Weidlich. The agreement designated Louis as liquidating agent and authorized him to engage the services of others, including Arthur M. Comley, an attorney, to assist in the liquidation. On May 29, 1950, William assigned his undivided part or liquidating share in the partnership to his son, Clifton F. Weidlich, a defendant. Louis died on July 21, 1950. Comley was named coexecutor under Louis' will and purported to act in the liquidation of the partnership as a representative of Louis' estate and as attorney and agent for Frank, one of the surviving partners. John Plocar, a management consultant, also purported to act as an agent for the partnership. Additional facts are recited in the opinion in *Weidlich* v. *Weidlich,* 147 Conn. 160, 157 A.2d 910. After a new trial, the court concluded that the account

as amended was proper, complete and accurate and rendered judgment approving the account. From this judgment Clifton, individually and as executor under William's will, appealed. The most important question presented by this appeal is the liability of the partnership for legal expenses incurred in the defense of various lawsuits while the affairs of the partnership were being settled.

The defendants in each of these suits were represented by counsel, and the fees and expenses for conducting the defense in each instance were charged to the partnership. To justify charges for the expense of defending litigation, it must be shown by the one who claims to be serving as a fiduciary that he was defending in the interest and for the benefit of his principal. *Clement's Appeal,* 49 Conn. 519, 530. If the litigation being defended challenges the right of a fiduciary to act for his principal, a vindication of that right is of necessity in the interest of the principal, and the fiduciary is entitled to indemnification for the expense of the defense. Note, 9 A.L.R.2d 1132, 1197. To decide whether the fees and expenses of defending the various lawsuits shown in the account were chargeable to the partnership, it is necessary to analyze each case.

One of the cases in question involves an action brought in November, 1950, in the Supreme Court of New York by Clifton and William against Frank, seeking a declaratory judgment as to the right of Frank to proceed alone with the liquidation of the partnership after the death of Louis. This action was subsequently dismissed on the ground of forum non conveniens. The death of Louis did not give to the representatives of his estate authority to proceed with the liquidation of the partner-

ship. *Riddle* v. *Whitehill,* 135 U.S. 621, 637, 10 S. Ct. 924, 34 L. Ed. 282; *VanDerlip* v. *VanDerlip,* 149 Conn. 285, 287, 179 A.2d 619; *Casey* v. *Hurley,* 112 Conn. 536, 538, 152 A. 892. Nor did Clifton acquire a right to participate in the liquidation because of the assignment to him from William. This assignment transferred nothing more than a chose in action, giving Clifton merely William's share in the proceeds of the liquidation after the payment of partnership debts and after the settlement of the accounts between the partners. *Beecher* v. *Stevens,* 43 Conn. 587, 592; *Mervyn Investment Co.* v. *Biber,* 184 Cal. 637, 644, 194 P. 1037; *Reece* v. *Hoyt,* 4 Ind. 169; *Chase* v. *Scott,* 33 Iowa 309, 316; 1 Rowley, Partnership § 601 (1916). After dissolution, the partners' relationship continued to exist for certain purposes. It was necessary to wind up and settle affairs of the partnership. *New Haven County Bank* v. *Mitchell,* 15 Conn. 206, 222. This was the duty of each of the partners. The assignment to Clifton from William did not divest the latter of this duty, which fell on both him and Frank after the death of Louis, the designated liquidating partner. Thereafter, both Frank and William had an equal right to possession of the firm's assets, and both had the duty of disposing of the assets for the purpose of liquidating the firm's affairs. *Canfield* v. *Hard,* 6 Conn. 180, 184; *Rice* v. *McMartin,* 39 Conn. 573, 575; *Somers* v. *Joyce,* 40 Conn. 592, 594; 68 C.J.S. 870, Partnership, § 363. Consequently, Frank's right to proceed with the liquidation was not exclusive. Frank is not entitled to charge the partnership with the expenses and fees in defending himself in the New York litigation, because his exclusion of William was wrongful. The defense of the action thus was not in the

interest or for the benefit of the partnership. *Clement's Appeal,* supra; note, 9 A.L.R.2d 1132, 1197.

The second case involved is the action brought by Clifton against Comley and Plocar in the United States District Court for the district of Connecticut, seeking to enjoin them from proceeding with an auction of the partnership's assets. Judgment was ultimately rendered for the defendants on the merits. Comley and Plocar had been retained as agents by Frank. Although Frank did not have exclusive authority to control the liquidation, he did have authority to engage assistance, if necessary, in winding up the affairs of the partnership. 1 Rowley, Partnership (2d Ed.) § 37.2; Mechem, Partnership (2d Ed.) §§ 423, 425. Comley and Plocar were therefore authorized to do the acts which were alleged, by the complaint in the federal litigation, to constitute wrongdoing. The expenses of defending them in that litigation therefore were properly chargeable to the partnership.

Finally, there are the respective lawsuits instituted against Frank in the Supreme Court of New York by Kurt Widder and Carl Hammond, each asserting that he was an assignee of William's claim for the reasonable value of services alleged to have been rendered by William to the partnership during its liquidation. Frank ultimately prevailed. The expenses of defending the Widder and Hammond suits were properly chargeable to the partnership, because the issue in each suit involved a direct claim against the partnership.

The court erred in approving the amended account, which made an allowance for expenses incurred in the defense of the action for a declaratory judgment brought by William and Clifton

against Frank in the New York courts. Consequently, the case must be remanded so that the account may be corrected by the trial court to exclude any allowance for these expenses. The balance as found due on the corrected account should bear interest at the legal rate from January 23, 1951, the date when, for all practical purposes, the affairs of the partnership had been settled. The withholding of these funds since that date cannot be justified on any reasonable ground. *Ferguson* v. *Cripps,* 87 Conn. 241, 245, 87 A. 792; *Buckley* v. *Kelly,* 70 Conn. 411, 419, 39 A. 601. The amended account was not submitted under oath. This requirement must not be overlooked when the account is corrected.

The defendants seek several corrections in the finding. In the view which we take of the case, any changes which may be warranted are immaterial to its final disposition. The other claims of error do not require discussion.

There is error, the judgment is set aside and the case is remanded with direction for further proceedings in accordance with this opinion.

In this opinion the other judges concurred.