LILLIAN BOURQUE ET AL. *v.* ADELE DiCHIARA ET AL.
(6219)

SPALLONE, DALY and NORCOTT, Js.

Argued September 20—decision released October 11, 1988

*John F. Slane, Jr.,* with whom, on the brief, was *Francis X. Lennon, Jr.,* for the appellant (defendant Stella Paklos).

*Rocco R. P. Perna,* for the appellees (plaintiffs).

PER CURIAM. The defendant Stella Paklos is appealing from the judgment rendered by the trial court upon the report of the attorney trial referee.

In this action, the trial court found facts, drew legal conclusions and rendered judgment where there was a material variance between the pleadings and the proof. The plaintiff alleged that a deed was *signed* "under undue influence," because of a "confidential relationship," because of "coaxing" and as a consequence of "fradulent misrepresentation." The court found that the deed was *never signed* and that the alleged grantor was *"completely lacking in mental capacity"* (emphasis added) to execute a deed.

The variance between the pleadings and the proof was material and no amended complaint conforming the allegations to the proof was filed. A party may not recover on a theory or cause of action not pleaded. See, e.g., *Reciprocal Exchange* v. *Altherm, Inc.,* 142 Conn. 545, 551, 115 A.2d 460 (1955); *Spitz* v. *Abrams,* 128 Conn. 121, 123, 20 A.2d 616 (1941); *Collins* v. *Erdmann,* 122 Conn. 626, 632, 191 A. 521 (1937); *Francis* v. *Hollauer,* 1 Conn. App. 693, 696–97, 475 A.2d 326 (1984).

There is error, the judgment is set aside and a new trial is ordered.