[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE:DEFENDANT'S MOTION FOR PAYMENT OF ATTORNEY'S FEES
I
The plaintiff-landlord, Housing Authority of the Town of Colchester, commenced a summary process action against the defendant-tenant, Dennis Gardiner, seeking immediate possession of Unit #21, a residential apartment, located at 300 Lebanon Avenue, Colchester, Connecticut. The plaintiff alleged that the defendant violated certain disclosure provisions contained in the parties' written lease, and hence, terminated the lease.
On January 26, 1994, the defendant filed a motion to dismiss the plaintiff's complaint with an accompanying memorandum of law. The defendant argued that as the plaintiff failed to give timely written notice pursuant to said lease and as such timely notice was a prerequisite to the institution of the action, this court has no jurisdiction. On February 4, 1994, the plaintiff filed a memorandum of law in opposition to the defendant's motion CT Page 5797 to dismiss.
On February 18, 1994, the defendant filed this motion for payment of attorney's fees to defend the plaintiff's action, asserting that the plaintiff's action was brought with the intent of evicting him from public housing and was `without jurisdictional grounds'. He also filed an affidavit by his attorney stating the amount of his attorney's fees incurred as of that date and a memorandum of law.
On February 22, 1994, the parties stipulated to a judgment of possession for the plaintiff. The stipulation also provided that the defendant's motion to dismiss was withdrawn. The stipulation further provided that the "[d]efendant's motion for payment of reasonable attorney [sic] fees, will be heard on March 8, 1994", and that the plaintiff waived its claims for use and occupancy and would pay $500 toward defendant's attorney's fees.
The parties filed memoranda of law and were heard in oral argument. Prior to the entry of the stipulated judgment, the defendant filed no answer, special defense or counterclaim. The defendant makes the following arguments in support of his motion: the plaintiff's action was improper because the defendant is a protected person under General Statutes § 47a-23c; attorney's fees are awarded under General Statutes § 47a-18a when a landlord enters a tenant's apartment without permission; and because the lease provides for the payment of lessor's attorney's fees, if the defendant breaches the lease, then the defendant must receive an opportunity to add such favorable provision.
The plaintiff essentially argues that because the defendant is limited to the allegations in the pleadings, the defendant cannot recover attorney's fees, because he has not filed a counterclaim containing any allegation or claim for relief. The plaintiff further asserts that the defendant is without a statutory basis in his claim for attorney's fees.
The defendant essentially argues that by entering into the stipulated judgment, he did not waive his claim for attorney's fees, but expressly preserved it, that the plaintiff consented to a hearing on his claim, and that the doctrine of judicial economy should not preclude him from seeking attorney's fees.
II CT Page 5798
A trial court's determination of an award of attorney's fees will not be altered absent a clear abuse of discretion.Gerhard v. Veres, 30 Conn. App. 199, 202 (1993). "Under the American rule, a party cannot recover attorneys' fees in the absence of statutory authority or a contractual provision." (Citations omitted.) Doe v. State, 216 Conn. 85, 106 (1990); see e.g. Cioffoletti Construction v. Nering, 14 Conn. App. 161, 163-64
(1988) (in accordance with General Statutes § 42-150bb,[1] a lessee who prevails on a counterclaim is entitled to attorney's fees). The lease in this case was for a residential unit which undoubtedly was used for household or family purposes and thus arguably within the purview of § 42-150bb. See § 42-151 (b)(2). "Apart from certain special exceptions, [this rule applies] whether the action is legal or equitable in nature, whether the successful litigant is plaintiff or defendant, and even though the necessity of engaging in the litigation was caused by the wrongful act of the opposing party." Bross Line Constr. Corporation v.Ryan Crane Service Corporation, 32 Conn. Sup. 181, 182 (Super.Ct. 1975). "[O]ur legislature has not chosen to repudiate the American rule, but rather has made specific provisions for attorneys' fees in selected cases." Doe v. State, supra, 107-08, citing General Statutes §§ 52-251b, 52-251a, 52-249 and4-184a. In this case, however, it was the plaintiff who prevailed on its complaint by virtue of the stipulated judgment, and thus regained possession of the leased premises.
 III In any case in which the defendant has either in law or in equity or in both a counterclaim, or right of setoff, against the plaintiff's demand, he may have the benefit of any such setoff or counterclaim by pleading the same as such in his answer, and demanding judgment accordingly. . . .
Practice Book § 168. The plaintiff contends that the defendant's motion for attorney's fees does not constitute a "pleading" as prescribed by Practice Book § 168. Motions are distinguished from pleadings. See 61A Am.Jur.2d, Pleading, § 1 n. 14 (1981), citingBrownfield v. South Carolina, 189 U.S. 426, 428, 23 S.Ct. 513,47 L.Ed.2d 882 (1903) ("But a motion, although reduced to writing, is not a pleading and does not require a written answer.") It is CT Page 5799 therefore evident that the defendant's motion for attorney's fees does not constitute a "pleading" for purposes of satisfying the requirements of Practice Book § 168.
"It is generally true. . .that the allegations of the complaint provide the measure of recovery, and that the judgment cannot exceed the claims pleaded, including the prayer for relief." Todd v. Glines, 217 Conn. 1, 9 (1991), citing Brill v.Ulrey, 159 Conn. 371, 374 (1970). The underlying reason for such a rule is so that the pleadings provide adequate notice of facts claimed and issues to be tried and so that there is no surprise on the defendant. Todd v. Glines, supra, 9-10, citing Tedesco v.Stamford, 215 Conn. 450, 459 (1990).
The defendant argues that because this limitation on the right of recovery applies to "plaintiffs" rather than "defendants," his motion for attorney's fees is properly before the court. The plaintiff argues that this limitation on the right of recovery applies to both parties, and, therefore, the defendant's motion for attorney's fees is barred.
A plaintiff's right to recover has traditionally been limited to the allegations of his complaint. . . ." (Emphasis added.) Altberg v. Paul Kovacs Tire Shop, Inc., 31 Conn. App. 634,640 (1993); see Tedesco v. Stamford, supra, 458. This restriction on one's right to recover, however, has been applied to parties in addition to plaintiffs; see Bourque v. Dichiara,16 Conn. App. 801, 802 (1988) ("A party may not recover on a theory or cause of action not pleaded.") And certainly it is axiomatic that a defendant on a counterclaim is in reality a plaintiff as to the counterclaim. "For purposes of examining pleadings relative to a counterclaim then, the party asserting it becomes the `plaintiff' on the counterclaim." Home Oil Co. v. Todd, 195 Conn. 333,341 (1985).
The defendant in this case could have pleaded his causes of action in a counterclaim. If he had done so, the plaintiff would have been entitled to file a request for discovery, motions and responsive pleadings, which could have promoted `the identification, narrowing and resolution of issues before the court.' Todd v. Glines, 217 Conn. 1, 10 (1991). Our rules of pleading require that "each pleading shall contain a plain and concise statement of the material facts on which a pleader relies. . . ." Practice Book § 108. CT Page 5800
Here, as stated, there was no such pleading, and neither the defendant's motion itself or his accompanying memorandum of law may be deemed a counterclaim. In fact, the motion for payment of attorney's fees states only as a ground for such payment, that the action was brought with the intent of evicting the defendant and was `without jurisdictional grounds'. Practice Book § 168 requires that "[i]n any case in which the defendant has either in law or in equity or in both a counterclaim. . .he may have the benefit of any such. . .counterclaim by pleading the same in his answer, and demanding judgment accordingly. . . ."
 IV
It is readily apparent that the defendant's arguments stated in his memoranda of law supporting his motion for payment of attorney's fees should have been properly pleaded in a counterclaim. His memoranda of law cannot be deemed a counterclaim as they do not comply with Practice Book § 108. Moreover, the requirements of due process must be met by notice that would be deemed constitutionally adequate in a civil proceeding. The notice of the defendant's claims in his motion is inadequate.
 V
As there was no counterclaim filed by the defendant, the pleadings on the issue of attorney's fees were not, and could not, be closed. "The proposition that the pleadings frame the issues before a trial court is well established in our case law. In order to have the right to adjudicate, a trial court must have, besides jurisdiction of the person. . .and of the general subject matter of the action. . .jurisdiction over the precise question which its judgment assumes to decide or of the particular remedy or relief which it assumes to grant." (Internal citations and quotation marks omitted.) Doublewal Corporation v. Toffolon,195 Conn. 384, 390 (1985); Rummel v. Rummel, 33 Conn. App. 214, 217
(1993).
The fact that the pleadings are not closed restricts the authority of the trial court to enter a final judgment on the defendant's claim. The plaintiff's agreement that the defendant's motion for payment of attorney's fees be heard at a later date cannot be deemed to expand the issue in this case by consent or knowing waiver so as to include issues not raised in the pleadings. CT Page 5801
Although the court is mindful that judicial economy ordinarily requires an earnest attempt to decide the issues before it, the court is unable to do so in light of the confusion and disarray created by the parties' failure to properly frame the issues in accord with the rules of practice.
Judgment for the plaintiff was previously entered by stipulation, and there are therefore no issues properly framed now before this court.
The defendant's motion for payment of attorney's fees is accordingly denied.
Teller, J.