———— o ◆ • ————

JOHN H. RICE *vs.* DONALD MCMARTIN AND OTHERS.

39 573
72 383

A partner was discharged by a partnership creditor from his individual liability for the debt, under a statute of the state of New York, where all the parties resided, which provided that, after the dissolution of a copartnership, such a discharge might be given without releasing the other partners. The creditor afterwards attached property in this state, in a suit against all the partners, on none of whom service was made, and the court rendered judgment in his favor, to be collected only out of the property attached. Held to be correct.

The proposition that, when a partnership ceases the partners become tenants in common of the partnership property then undisposed of, is not universally true. So long as partnership debts remain unpaid, partnership property continues such for the purpose of being applied to the payment of debts.

ASSUMPSIT, against the defendants as late partners under the name of McMartin, Pierson & Co. ; brought to the Superior

Court in Hartford County, and by a motion in error from the
judgment of that court by the defendant McMartin, brought
to this court.    The case is fully stated in the opinion.    The
parties all resided in the state of New York and no service
was made upon any of the defendants, the only service being
upon certain garnishees who were factorized in the suit.

*Perkins,* for the plaintiff in error.

*Hyde,* for the defendant in error.

SEYMOUR, J.    The defendant McMartin pleads a discharge
from all individual liability for the debt to recover which this
action is brought.    The plaintiff replies to this plea, that the
discharge was executed in the state of New York, in pursu-
ance of a statute of that state, enacting that it shall be lawful
for one partner to make a separate composition with partner-
ship creditors, which composition shall be a discharge of the
debtor making the same, and of him only ; further replying
that the release was made for the sole purpose of discharging
McMartin from individual liability, and not to affect the right
of the plaintiff to collect the debt out of partnership assets of
the firm, and that this suit is prosecuted for the sole purpose
of securing payment out of a debt due to the copartnership
from Styles & Chase, who are factorized as debtors of the
company, and are in fact such.

To this replication there was a demurrer, and the Superior
Court rendered a special judgment in favor of the plaintiff, to
be recovered only out of the debt due to the defendants from
Styles & Chase, the garnishees.

The defendant McMartin seeks by motion in error to re-
verse that judgment.    He claims, 1st, that it must be taken
for granted that the copartnership of McMartin, Pearson & Co.
was dissolved when the discharge was given, because the
statute of New York (and our statute is substantially the
same) applies to dissolved copartnerships only ; and, 2d, that
upon dissolution the interests of the several partners in the
debt due from Styles & Chase became separate and individual

interests, in each member of the firm as a tenant in common with the others, and that consequently the effect of the judgment of the Superior Court is to collect the debt in part out of individual property of McMartin, contrary to the discharge and in violation of the statute.

The counsel for the defendant, in support of these views, cite a remark by Lord Kenyon in the case of *Abel* v. *Sutton*, 3 Esp., 110, that the moment the partnership ceases the partners become tenants in common of the partnership property undisposed of at that time. This proposition is reproduced by Collyer in his work on partnership, page 317.

We think it is manifest that the proposition is not universally true. So long as partnership debts remain unpaid, partnership property continues such for the purpose of being applied to the payment of the debts. It is the right and duty of a partner to make such application, and that right and duty cannot be affected by a discharge under the statute of an individual partner by compromise, nor does the discharge impair the right of a creditor who gives it to insist upon the application of partnership effects to the payment of his debt. The judgment rendered by the Superior Court operates merely *in rem*, and it makes the precise appropriation which law and equity demand.

The discharge was of the individual liability of McMartin. Neither his person nor his individual property are longer liable, but the copartnership property remains holden. McMartin has no separate and individual interest in copartnership property until the copartnership debts are paid. *Murray* v. *Mumford*, 6 Cowen, 441; *Canfield* v. *Hard*, 6 Conn., 180.

There is no error in the judgment complained of, and it is affirmed.

In this opinion the other judges concurred.