ROCCO LAPENTA vs. GIOVANNI LETTIERI ET AL.

First Judicial District, Hartford, October Term, 1899.   ANDREWS, C. J.,
     TORRANCE, BALDWIN, HAMERSLEY and HALL, JS.

A copartnership is in its essence a contract of agency founded upon the
     assent of the partners; but this assent may be retracted at any time,
     as regards future transactions, by a dissolution of the partnership
     at the will of either partner, notwithstanding the term agreed on
     for its continuance may not have expired.
The mere fact that a person signed a paper as an attesting witness does
     not, as matter of law, imply any knowledge on his part of the con-
     tents of the instrument.
The defendant Lettieri contracted to erect a building for the plaintiff,
     and afterwards made the defendant Aspromonte, a mason builder,
     a partner in the undertaking, but determined the partnership re-
     lation before the building was finished, owing to Aspromonte's
     refusal or inability to furnish his share of the funds required to
     complete it.   Thereupon the defendant Conti loaned Lettieri $600,

Lapenta *v.* Lettieri.

which was necessary to finish the building, and upon its completion received an assignment of part of Lettieri's rights under the building contract and under a builder's lien which he had filed in his own name. After this lien had been filed Aspromonte, who had a claim for his own labor and disbursements, also filed one in the name of the partnership. In an action of interpleader it was *held :*—

1. That so far as the plaintiff was concerned his legal obligations were to Lettieri alone.
2. That the plaintiff's acceptance of receipts for moneys paid, signed by both Lettieri and Aspromonte, did not necessarily show that he knew them to be copartners and dealt with them as such.
3. That the duty of administering the partnership assets after the dissolution, in the interest of partnership creditors, fully justified Lettieri both at law and in equity in obtaining the loan from Conti and in securing it as he did, it being for the benefit of Aspromonte as well as for his own.
4. That the lien filed more than sixty days after the commencement of the work, by Aspromonte, who was neither the original contractor nor a subcontractor with the plaintiff's written assent, was of no validity.
5. That while the plaintiff was under no obligation to withhold payment of an indebtedness originally due to Lettieri and now by his assignment to Conti, until the equities between Lettieri and Aspromonte or between Aspromonte and Conti had been adjusted, yet having asked that all the defendants should interplead concerning their claims, he had opened the door to a full inquiry, and it became the duty of the trial court to state the partnership account so far as might be necessary to ascertain and enforce the respective rights of Conti and Aspromonte in the fund in suit, which were set up in their respective claims.

After the assignment to Conti to secure the $600 loan, he assumed payment of a bill of $150 for materials used in the construction of the building, and supplied Lettieri with groceries for his personal use, whereupon Lettieri made a further assignment to him of all his remaining rights under the contract. *Held* that so far as the groceries were concerned Conti could claim no benefit from the assignment.

Argued October 6th—decided November 28th, 1899.

SUIT for an injunction and for an order of interpleader in respect to the title to a balance due upon a building contract, brought to the Court of Common Pleas in Hartford County and tried to the court, *Case, J.,* upon the issues raised by the claims of the respective defendants; facts found and judgment rendered awarding the fund, less the plaintiff's expenses

of suit and counsel fees, to the defendant Conti, and appeal by the defendant Aspromonte for alleged errors in the rulings of the court. *Error, judgment set aside and cause remanded.*

The finding stated the following facts : On August 31st, 1897, the defendant Lettieri signed a contract with the plaintiff to build a brick block for him. The work was begun September 6th and duly finished December 20th, 1897. On the date of the contract, and before work was begun, Lettieri made an oral agreement with the defendant Aspromonte, a mason, which was afterwards put in writing and signed by them on October 18th, as follows : —

" I, John Lettieri, agree to take Leonardo Aspromonte as my partner in a contract that I have taken from Rocco Lapenta to construct a six-tenement building at No. 12 North street. And it is understood that said Aspromonte shall stand with his share of losses as well as gains.

" And it is furthermore understood that said Aspromonte is to have charge of all mason and plastering work, while John Lettieri takes charge of all carpenter finish work and odd jobs.

" And John Lettieri shall not receive nor dispense money without the presence of said Aspromonte.

" JOHN LETTIERI,<br>" LEONARDO ASPROMONTE.

" ROCCO LAPENTA,  
" PROSPERO DEFONA,  } Witnesses.

The plaintiff witnessed the signing of this agreement, but was no party to it, nor was his assent or agreement to it for any purpose ever asked or given.

Aspromonte commenced work on said buildings with Lettieri on the 6th day of September, 1897, and continued until the 20th day of December, 1897. During this period the plaintiff made certain payments under his contract with Lettieri, and receipts therefor were given to the plaintiff signed by Lettieri and also by Aspromonte. During all this period Aspromonte failed to fulfill the terms of his agree-

ment with Lettieri, in that, although repeatedly urged by Lettieri to meet and contribute his, Aspromonte's, share of the expenses which fell to the contractor under said original contract with the plaintiff, he refused or was unable to do so, and never in fact did so.

Lettieri informed Aspromonte that unless he, Aspromonte, contributed, when the same was called for and became necessary, an equal amount with Lettieri to said expenses, he, Lettieri, would consider their agreement at an end, and would rescind it, and would pay Aspromonte the reasonable value of his services for such time as Aspromonte was actually at work on said buildings.

Aspromonte's employment upon said buildings was as a head mason, or foreman of the masons and plasterers there at work. The only advances of money which he claims to have made on account of said work are payments upon the wages of masons and plasterers under his immediate employ and control, amounting to about $136. This sum was so paid by him for the services named, but it comprised only a part of the wages actually earned by and paid to the masons and plasterers so employed.

Near the time when work on said buildings was completed, it became necessary for Lettieri to raise a considerable sum of money, about $600, for claims against him and for materials incidental to the work in hand. He demanded of Aspromonte the sum of $300, as Aspromonte's share of said sum to be raised, but Aspromonte again declined or was unable to contribute any part of the necessary sum, whereupon Lettieri, having first notified Aspromonte of his intention and given him an opportunity to make good his agreement, abandoned and rescinded the agreement previously made between them.

On December 23d, there then being nearly $1,000 due on the building contract, Lettieri duly filed a certificate of lien. Said amount is still due and payable. A month later Aspromonte, without authority from Lettieri, signed and filed another certificate of lien in the name of both of them as partners. Aspromonte had never notified the plaintiff that he intended to claim a lien.

There remains due and unpaid to Aspromonte a consider-
able sum for labor performed on said buildings between the
dates already named, and for the expense incurred by him as
already stated.

After, and largely because of, Aspromonte's refusal to per-
form the terms of his agreement with Lettieri, it became
necessary for Lettieri to meet his obligations arising from
said work, and he secured and used for that purpose the sum
of $600 from the defendant Angelo Conti. In consideration
therefor Lettieri in March, 1898, assigned to said Conti all
his rights under the contract with the plaintiff to the amount
of $600, and in May, in consideration of the assumption by
said Conti of the payment of an outstanding bill against
Lettieri for materials used in the construction of said build-
ings, amounting to about $150, and in further consideration
of certain groceries furnished to Lettieri from the store of said
Conti, of small amount and value not precisely determinable
from the evidence, made a further assignment to Conti of all
his remaining rights under said contract.

All these transactions between Lettieri and Conti were in
good faith and without fraud; the assignments were made
for a good and valuable consideration; and the plaintiff was
duly and promptly notified of said assignments by Conti.
As a part of these transactions between Lettieri and Conti,
the former duly assigned to the latter, by an instrument in
writing, his lien on said property and all his rights thereunder,
which paper was duly recorded in the Hartford land records,
in March, 1898.

Subsequently Conti brought an action in the City Court of
Hartford against the plaintiff, to enforce the payment of the
money claimed to be due him under Lettieri's contract with
the plaintiff, and by virtue of said assignments; which action
is still pending.

Upon these facts the defendant Aspromonte made these
claims: (1) that there was a partnership between the defend-
ant Lettieri and the defendant Aspromonte; (2) that the
assignment by the defendant Lettieri to the defendant Conti,
of the firm's assets, was invalid as affecting the defendant

Aspromonte's interest in the partnership; (3) that if, as a matter of law, the partnership ceased to exist upon the refusal of the defendant Aspromonte to pay Lettieri the $300 mentioned, for the reasons stated, Aspromonte was entitled to judgment for the worth of his services on said buildings, and the money expended by him on the same, on account of the lien placed on said land and buildings by him, January 28th, 1898.

But the court held (1) that Aspromonte's agreement with Lettieri was a personal one, not so recognized or assented to by the plaintiff as to bind the fund in the plaintiff's hands to any claim of Aspromonte's arising thereunder; (2) that in any event this agreement was abandoned and rescinded by the acts of Aspromonte and Lettieri, as found; (3) that the so-called lien of Aspromonte was of no effect to bind the plaintiff or his property; (4) that whatever claim the defendant Aspromonte has or may have for labor performed and services rendered, is not a claim against the plaintiff or against this specific fund in the plaintiff's hands, in the shape in which the same is presented to the court in this action; and (5) that Aspromonte's independent claim against Lettieri could not be adjudicated in this action; and thereupon rendered judgment as above stated.

*Andrew J. Broughel, Jr.*, for the appellant, Leonardo Aspromonte.

*Joseph P. Tuttle* and *Herbert A. Ross*, for the appellees, Conti and Lettieri.

BALDWIN, J. As between Lettieri and Aspromonte, all rights of Lettieri by reason of his contract with the plaintiff became vested in a partnership consisting of Lettieri and Aspromonte, before any work under the contract was done; and it was this partnership by which the erection of the buildings was not only commenced, but completed, unless it was dissolved by the action of Lettieri in rescinding the articles of partnership without Aspromonte's consent.

A copartnership is in its essence a contract of agency. Each partner is the general agent of the firm, and the firm is the agent of each partner, with power to bind him to a personal liability in favor of partnership creditors. Whoever acts as another's agent must base his authority on the other's assent. Such assent, if given, may be retracted at any time, as regards future transactions. This doctrine in the law of agency rests on reasons which apply fully to the partnership relation. It is one especially of personal confidence, and when this is wanting can seldom be long maintained with advantage to any party in interest. The rule of Roman law, *Tam diu societas durat, quam diu consensus partium integer perseveret* (Code of Justinian, IV, tit. 37, *pro socio,* 5), has accordingly been generally followed in American courts, and seems the only one consistent with the general principles of contract. See *Skinner* v. *Dayton,* 19 Johns. 513, 538; *Karrick* v. *Hannaman,* 168 U. S. 328, 334; 3 Kent's Comm. * 55; *Solomon* v. *Kirkwood,* 55 Mich. 256.

The rescission, therefore, of the agreement between Lettieri and Aspromonte by Lettieri after due notice to Aspromonte, terminated their partnership relation, before the building was finished.

This agreement was not in the form of an assignment, and had it been, as no notice of its terms, so far as appears, was given to the plaintiff, it would have been insufficient to make him accountable to the copartnership. His signature as an attesting witness did not, as matter of law, imply any knowledge on his part of the contents of the paper. Nor did his acceptance of receipts for moneys paid, signed by both Lettieri and Aspromonte, necessarily show that he knew them to be copartners and dealt with them as such. So far as he was concerned, therefore, his legal obligations were to Lettieri alone.

The dissolution of the partnership left Lettieri and Aspromonte, each, charged with the duty of administering the partnership assets so far as he might have them in his possession or under his control, in such a manner as to protect the partnership creditors. *Rice* v. *McMartin,* 39 Conn. 573, 575;

*New Haven County Bank* v. *Mitchell*, 15 id. 206, 222. It was for the advantage of each and both that the building contract should be fulfilled, and each continued to contribute to that end. When the buildings were completed, Lettieri properly filed the certificate of lien in his own name, for he was the only party to whom the plaintiff was legally liable; but Aspromonte had an equitable interest in the estate in the land which was thus created, as well as in the indebtedness which it secured.

To hold the plaintiff to the payment of the contract price, it was necessary for Lettieri and Aspromonte to raise $600 to meet claims for work and materials. Aspromonte having declined or being unable to contribute anything for this purpose, Lettieri dissolved the partnership, and afterwards borrowed the money from Conti, on assignments of his rights under the contract with the plaintiff and of his builder's lien. This loan was for the benefit both of Lettieri and Aspromonte, and Lettieri was therefore not only legally but equitably entitled to secure it as he did. Conti was chargeable with notice of the certificate of lien filed by Aspromonte in favor of the partnership on January 28th, 1898, but as that date was more than sixty days after the commencement of the work, and the partnership was neither the original contractor with the plaintiff nor a subcontractor acquiring rights with the plaintiff's written assent, this certificate was of no validity. General Statutes, § 3020.

After the assignment to Conti to secure the $600 loan, he assumed the payment of a bill of $150 for materials used in the construction of the buildings, and supplied Lettieri with some goods for his personal use, whereupon Lettieri made a further assignment to him of all his remaining rights under the contract. So far as these goods are concerned, Conti cannot claim the benefit either of the contract or of the builder's lien, as against Aspromonte. His transaction with Lettieri, in this particular, amounted at most, when examined in a court of equity, to buying property held in co-tenancy from one of the co-tenants. He could buy no greater title than Lettieri had.

As respects the plaintiff, his legal indebtedness to Lettieri had become an indebtedness to Conti, and his buildings were incumbered in favor of the latter, only. He was under no obligation to withhold payment until the equities between Lettieri and Aspromonte or between Aspromonte and Conti had been adjusted. The circumstances were such, however, as to justify him in instituting this proceeding; and having asked in his complaint that Lettieri, Aspromonte and Conti be ordered to interplead together concerning their claims to the fund, he opened the door to a full inquiry into any and all such demands as either might present. *Union Trust Co.* v. *Stamford Trust Co., ante,* pp. 86, 93.

The claims of the parties were sufficient to raise all the material issues which it was necessary to determine in order to do full justice between them, without resort to any cross-complaint, or further pleadings.

Conti was entitled, as against Lettieri, to the whole of the fund in controversy, but as against Aspromonte to so much only as would repay the $600 borrowed by Lettieri and indemnify him for the assumption of the $150 bill.

Aspromonte had a right to ask the court to state the partnership account between himself and Lettieri, so far as might be necessary to determine his equitable share in whatever balance might remain after satisfying Conti's demand to the extent above stated, and then to order the payment to him of the amount of that share, if any, by the plaintiff.

The fourth and fifth of the final rulings of the trial court were therefore incorrect. They were founded on too technical a view of the forms of procedure upon proceedings of this nature.

There is error, the judgment is set aside and the cause remanded for further hearing as to the state of the partnership account, and a judgment ascertaining and enforcing the respective rights of Conti and Aspromonte in the fund, in conformity with this opinion.

In this opinion the other judges concurred.