EDWARD TRAVIS ET AL. *v.* DONALD O. ST. JOHN

COTTER, C. J., LOISELLE, BOGDANSKI, LONGO and PETERS, Js.

Argued June 7—decision released August 29, 1978

*Arthur Goldblatt,* with whom, on the brief, were *Peter J. Strassberger* and *Arthur B. Harris,* for the appellants (plaintiffs).

*George Lane, Jr.,* for the appellee (defendant).

BOGDANSKI, J. This appeal stems from an action for an accounting to recover profits resulting from the sale of land originally purchased by the plaintiffs and the defendant for investment purposes. The matter was referred to a state referee, who, exercising the powers of the Superior Court, ordered judgment in the amount of $14,500 pursuant to the defendant's confession of judgment. The court also found that the plaintiffs failed to sustain their burden of proof with respect to their claim for an accounting of the profits. From that judgment, the plaintiffs appealed, assigning error in the court's finding, in the conclusions reached, and in the overruling of their claims of law.

We address ourselves first to the error directed at the court's refusal to find facts claimed to be admitted or undisputed. A fact is not admitted or undisputed merely because it has not been contradicted. *Walker* v. *Jankura,* 162 Conn. 482, 484, 294 A.2d 536. Moreover, facts which are not material and could not affect the result cannot be added to the finding. *Rushchak* v. *West Haven,* 167 Conn. 564, 566, 356 A.2d 104. No additions can be made to the finding which would benefit the plaintiffs in presenting the questions of law which they wish to have reviewed by this court. With respect to the claim that facts were found without evidence, such a claim is tested by the evidence printed in the appendices to the briefs. Practice Book, 1963, § 628M; *State* v. *Vars,* 154 Conn. 255, 258, 224 A.2d

744. Our examination of the evidence printed in the appendix reveals that there is sufficient evidence to support the challenged facts.

The finding reveals the following facts: In 1964, the plaintiffs and the defendant agreed to purchase 6.444 acres of land in Ridgefield for investment purposes. They also agreed to share equally in the cost of the property, the expenses of maintaining it, and the profits or losses upon its resale. The property was purchased in September, 1964, for $33,000, $8000 cash, and the balance by the assumption of an existing mortgage of $12,300 and a purchase-money mortgage of $12,700. Although title to the property was placed in the name of the defendant, he was unaware that the preexisting mortgage by its express terms could not be assumed. In May, 1965, an action to foreclose that mortgage was brought and it became necessary to refinance the property. The defendant was the only one of the parties able to get refinancing. Through his personal credit, the defendant secured a mortgage in the amount of $25,000, which was used to pay off both mortgages.

The plaintiffs paid their shares of the expenses for a short period of time in 1965, but defaulted thereafter in their payments. In 1965, 1966 and 1969, because of their continued defaults, the defendant wrote the plaintiffs requesting their payments in the amounts then due. No payments were made. On October 1, 1969, the defendant notified the plaintiffs that the venture was terminated and offered to return their original investment if in the near future he sold the property at a profit. At the time the defendant was not aware of any prospective offers for the purchase of the property. The plain-

tiff Frank Incerto was in default in the amount of $2130.69. The named plaintiff, Edward Travis, was similarly in default, in the amount of $2903.69, and in the further amount of $2810.56 on the share allegedly assigned to him by one Ulysses Cerulli, another original investor. In December, 1969, the defendant succeeded in selling the property for $100,000. After the trial, the defendant filed a confession of judgment in the amount of $14,500 without costs.

On this appeal, the plaintiffs raised the following claims: The court erred (1) in refusing to find that their relationship was governed by the Uniform Partnership Act, §§ 34-39–34-81 of the General Statutes; (2) in refusing to find that an accounting of profits was required; and (3) in concluding that the plaintiffs were limited to a recovery of $14,500.

The plaintiffs first claim that their arrangement constituted a partnership subject to the provisions of the Uniform Partnership Act. The distinction between a partnership and a joint venture is often slight, the former commonly entered into to carry on a general business, while the latter is generally limited to a single transaction. *Roberts* v. *Weiner,* 137 Conn. 668, 671, 81 A.2d 115; *Dolan* v. *Dolan,* 107 Conn. 342, 349, 140 A. 745.

Section 34-44 of the General Statutes defines partnership as an association of two or more persons to carry on a business for profit, and § 34-40 defines "business" to include every trade, occupation or profession. Section 34-45 (2) further provides that coownership of property does not of itself establish a partnership whether or not the coowners share profits from the property. To find a true partnership, a mutual agency relationship is

essential. *Dolan* v. *Dolan,* supra; *Lapenta* v. *Lettieri,* 72 Conn. 377, 383, 44 A. 730; Mechem, Elements of Partnership (2d Ed.) § 244. Indeed, § 34-47 provides that to be a partnership within the statutes requires that every partner be an agent of the partnership for the purpose of its business.

To determine the nature of an association the court looks to the intent of the parties. In the present case, the association was established for the sole purpose of investing in a single parcel of real estate. The record does not indicate any intention by the parties to carry on a trade, occupation or business, or to create an agency relationship among themselves. The only indicium of a partnership in this case was the agreement to share profits or losses. We conclude that the agreement entered into by the parties did not constitute a partnership within the ambit of the Uniform Partnership Act.

The plaintiffs further contend that the court erred in refusing to find that an accounting of the profits was required. The relations and obligations in a joint venture are generally governed by the principles of common-law partnership; *Lesser* v. *Smith,* 115 Conn. 86, 89, 160 A. 302; and an adventurer is accountable to his coadventurers under the same equitable principles as require an accounting between partners at common law. *Weidlich* v. *Weidlich,* 147 Conn. 160, 163, 157 A.2d 910; *Roberts* v. *Weiner,* 137 Conn. 668, 673, 81 A.2d 115. At common law, "a partner who has not fully and fairly performed the partnership agreement on his part has no standing in a court of equity to enforce any rights under the agreement. *Marble Co.* v. *Ripley,* 10 Wall. [77 U.S.] 339, 358." *Karrick* v. *Hannaman,* 168 U.S. 328, 335, 18 S. Ct. 135, 42 L. Ed. 484.

It is undisputed that the agreement between the parties called for each member to contribute equally to the capital and the carrying charges of the property in question. The record reveals that the plaintiffs defaulted in two substantial respects. First, they did not contribute to the capital needed for the refinancing as the defendant, and he alone, refinanced the property. Second, prior to the termination of the association, the plaintiffs defaulted for a period of up to four years on their obligations despite the defendant's repeated requests for payment. In their briefs, the plaintiffs overlook the issue of default and point instead to the fact that they were partners in what ultimately turned out to be a good deal. The answer to that is that the plaintiffs cannot benefit because of their own substantial defaults.

An action for an accounting calls for the application of equitable principles. The plaintiffs had the burden of showing that they were entitled to share in the profits. The court found that they failed in that burden. The confession of judgment was an offer by the defendant to compromise the controversy between the parties. The court adopted the amount offered as an equitable basis for the resolution of the dispute. Indeed, on the record before us, the defendant's confessed judgment constituted an amount well over the total contributions made by the plaintiffs.

We conclude that the court did not err in finding that the plaintiffs failed to sustain their burden of proof as to an accounting for profits. We further conclude that the court did not err in determining that the amount in the confessed judgment satisfied

the defendant's obligation to account to the plaintiffs for their original investment and payments in the undertaking.

There is no error.

In this opinion the other judges concurred.