[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The plaintiff Peter Wawrzynowicz and his wife and the defendant Frances Hudyma and her husband, now deceased, were neighbors for many years. Their property bounded each other in a rough, undeveloped environment. The Wawrzynowiczes were in contractor work and had various pieces of heavy equipment — i.e., dozers, dump trucks, backhoes, etc. The Hudymas, in the other hand, had livestock — cows, dogs. On the Hudymas' property were located several trailers, same used for rental and some for livestock and storage.
Over many years the two families were extremely friendly, visiting and socializing with each other and in each others' homes. Whatever they did in and about each others' property was discussed, known, authorized and condoned by each of the individuals.
"A partnership is an association of two or more persons to carry on as co-owners of a business for profit Connecticut General Statutes Section 34-44. "(C)oownership of property does not, of itself establish a partnership whether or not the coowners share profits from the property. To find a true partnership, a mutual agency relationship is essential." Travis v. St. John, 176 Conn. 69, 72-3 (1978). "To determine the nature of an association, the court looks to the intent of the parties." Id. at 73.
The facts establish that Mr. and Mrs. Peter Wawrzynowicz were each servants, agents and employees of the other. They were effective partners. So too was the relationship between Mr. and Mrs. Hudyma until Mr. Hudyma's death. As between the husband/wife partners, whatever was done on or around the properties by a husband was either discussed and authorized by his wife before it was done or condoned and authorized after it was done. The Court holds, therefore, that the Wawrzynowiczs' had a partnership, as did the Hudymas. CT Page 1220
There is no question that over a period of some then years extensive work was performed by Peter Wawrzynowicz in the property of Frances Hudyma and her husband. It was performed without any specific agreement as a compensation or consideration, except that Wawrzynowicz was to get a certain parcel of land together with a fifty foot right of way. The specific location and acreage were never determined but the size ranged from three acres to nine acres.
The evidence firmly establishes that, in addition to the 3 + to 9 + acres, there was to be a fifty foot right of way extending from the public street over the Hudymas' land to the Wawrzynowiczs' homestead property. Introduced into evidence is an assessor-type map with a fifty foot right of way drawn over and through the map from the Wawrzynowiczs property through the Hudyma land to the street. There was also evidence that the acreage to be conveyed was to come from a certain area which was indicated by the witnesses in the map in a general location.
The Court can determine that the acreage considered for conveyance to the plaintiff was to be cut out of or divided from the Hudymas' land in that, "general area abounding the 50' right of way," which right of way is drawn into the map.
After this work had been done, Mr. Hudyma died. All partners in a partnership are jointly and severally liable for the debts and obligations of the partnership. Connecticut General Statutes Section 34-53; see also Dayco Corporation v. Fred T. Roberts Co., 192 Conn. 497 (1984). When one of two partners dies, the remaining partner has a duty to settle partnership affairs. Casey v. Hurley, 115 Conn. 341, 343
(1932). In settling the accounts of the partnership after dissolution (including dissolution by death of a partner), liabilities owed to creditors other than partners are to be paid first. Connecticut General Statutes Section 34-78(b).
At the time Mr. Hudyma's estate was being probated, there remained a strong and supportive relationship between Mr. and Mrs. Wawrzynowicz and Mrs. Hudyma. Although inquiry was made between the parties as to how the debt was to be satisfied, for reasons which, at the time, the parties felt were valid, they did not settle up. It is claimed by the plaintiff that Mrs. Hudyma asked the plaintiff not to file a claim against the estate because she did not want the estate to be delayed. Mrs. Hudyma claims that she had her checkbook out, and was willing to pay but was never given a bill.
"(I)t is a principle of partnership law that, on CT Page 1221 dissolution, the partnership remains in existence for the purpose of performing existing executory contracts." Rossetti v. New Britain, 163 Conn. 283, 291 (1972). The surviving partner, and not the decedent's estate, has the right and duty to wind up partnership affairs. See generally, Cavitch, Business Organizations, Vol. 2, Section 32.04 et. seq. Therefore, the Court finds that the plaintiff's failure to file a claim against Mr. Hudyma's estate does not preclude him from making this claim against Mrs. Hudyma as the surviving partner.
Although the parties were dying things for each other over the years, it appears now that, over the past ten years, the defendant's land has benefited from substantial work that the plaintiff now claims is worth over $50,000.00, without interest. Neither party has claimed any benefit as taxable by IRS or otherwise.
The Court finds:
(A) That the plaintiff performed over ten (plus or minus) years of substantial work as set forth in Plaintiff's
Exhibit 2 as follows:
Raise trailer up for existing house $ 700 Landscaping bury garbage and dig pond — 3 weeks — 2 machines and truck 22,680 Complete Septic 2,000 3 complete wells — with well tile 1,800 Install PVC pipe to 4 trailers and house 1,800 Dig and backfill trenches Dig out and install gravel drive around house 2,500 Haul gravel to trailer below 1,500 Make exercise track and dog run — clay hauled 2,000 for track and run (Labor only — material paid for by Alfran) Cut down garden and regrade with loam to enlarge 1,000 Clear rocks and stumps for pasture for cows 1,500 Make road for 3 wheeler 500 4 days to raise trailer for cow barn 1,600 Make road from back of house to old storage barn 1,000 Move trailers around 400 100 yards of process gravel stored down old barn 1,000 Clean junk down at old barn and bury it 3,000 Dig up and replace electric line for trailer 400 Move buses for storage 400 Haul 8 loads of loam for garden 600 Haul away junk cars and debris 500 Dig test holes for 2 days looking for water for CT Page 1222 gravity feed 800 Middle of winter — dig for broken water line 800 Dig phone lines for phone 400 Repair water line to first trailer 300 Asphalt driveway 1,500 -------- $50,680
(B) There was an agreement by and between the plaintiff on the one side and the defendant and her now deceased husband on the other that there was to be a conveyance of land from the Hudymas to the plaintiff in payment for his services. The amount of land to be conveyed changed from three acres to six acres and more as time passed and more work was done. Although the specific dimensions were never set, the parties substantially agreed that the acreage was to come from a general area as indicated by plaintiff on Exhibit 1, together with a fifty foot, right of way extending from the Wawrzynowiczs' land to the public street, substantially as shown on said Plaintiff's Exhibit 1.
(C) The plaintiff did not make a claim against Mr. Hudyma's estate because the defendant Frances Hudyma asked him not to do so because it would delay the estate settlement, and because the defendant said that after the estate was closed, she would straighten out, plaintiff's claim with him. The plaintiff's forbearance was in reliance upon the defendant's representation.
(D) The defendant, as joint owner of the property and later as sole owner of the real estate upon which the improvements were made by plaintiff Peter Wawrzynowicz, has greatly benefited thereby to the amount that the land in question was increased in value by the improvements.
(E) During the ten year period that the plaintiff was tendering services and/or benefiting the defendant's land, the defendant Frances Hudyma and her husband, who is now deceased, were partners, each acting as agent, servant and employee of the other in their dealings with plaintiff Peter Wawrzynowicz.
(F) No evidence was offered to show the value of the Hudymas' property before the improvements.
(G) No evidence was offered to show the value of the Hudyma's property after the improvements.
(H) No evidence was offered to show the value of the fifty foot right of way over and through the Hudyma's property CT Page 1223 to the public street as shown Exhibit 1.
(I) No evidence was offered to support a finding as to the value of an acre of land in the area mutually indicated as the area out of which the three to six acres were to be carved.
(J) No evidence was offered to show what the value of Peter Wawrzynowicz's land is as it stands, nor what it would be worth with the 50 foot right of way to service the land.
The problem with this case turns on the issue of damages.
"The general rule in breach of contract cases is that the award of damages is designed to place the injured party, so far as can be done by money, in the same position as that which he would have been in had the contract been performed." Beckman v. Jalich Homes, Inc., 190 Conn. 299, 309
(1983). The measure of damages is not, therefore, what the cost of the services was to the plaintiff, i.e., $50,000.00. The Court has trouble accepting that figure without further substantiation in any event. There are no records of hours worked, equipment used — only the recall by Mr. Wawrzynowicz of work performed over a ten-year span.
Nor can the Court transfer by specific performance the land involved. Connecticut General Statutes Section52-550. There is nothing in writing. The amount of land to be conveyed was constantly changing. There never was a meeting of the minds as to the specific property. Even the fifty foot right of way was never specifically defined to a degree that one would be able to draft a description.
An alternative basis for finding damages is that of unjust enrichment. "The right of recovery for unjust enrichment is equitable, `its basis being that in a given situation it is contrary to equity and good conscience for the defendant to retain a benefit which has come to him at the expense of the plaintiff."' National CSS, Inc. v. Stamford,195 Conn. 587, 597 (1985), quoting Schleicher v. Schleicher,120 Conn. 528, 534 (1935).
Accordingly, the only way that this Court can determine proper damages is to determine (1) the value to plaintiff Wawrzynowicz of the fifty foot right of way from defendant Hudyma to the street; and (2) the value of an acre of land as it is situated in the general area mutually designated by the witnesses, keeping in mind that this CT Page 1224 property is not subdivided, not served by water, not serviced by sewer, etc. (placing the plaintiff in the position he would have been in had the defendant conveyed the property)
OR
The value to Mrs. Frances Hudyma of the services as rendered (unjust enrichment).
The plaintiff, although specifically requested to do so, has failed to brief or outline how this Court can articulate a basis for and award reasonable damages based upon the evidence in the record of this case.
This Court has struggled and searched the record in an attempt to do justice and equity.
Reluctantly, the Court enters judgment for the plaintiff for the amount of $1.00.
J.F. WALSH, J.