[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON PLAINTIFF'S AND DEFENDANTS' MOTIONS FOR SUMMARY JUDGMENT
Factual Background
The parties have stipulated to the facts material to the determination of the issue before the court. The following is a summary of those facts pertinent to these motions.
In October of 1988, Ilona Price was the owner of a certain parcel of land located on Stagecoach Road in Burlington, together with options to acquire additional parcels for development purposes. At that time, she was seeking a subdivision approval from the town of Burlington. The land was CT Page 7409 subject to a mortgage in favor of the Connecticut National Bank in the sum of $136,000. Ilona Price was the only signatory of this note.
On October 12, 1988 Ilona Price entered into an agreement with the defendants, Anthony A. Denorfia and Peter P. Ryiz, which agreement was drawn by Denorfia, an attorney.
The agreement provided for the conveyance by Price of an undivided two thirds interest in the property and the options to the defendants, subject to the mortgage for the sum of $58,000. It referred to the agreement as a joint venture, and further provided for equal payment by the parties of expenses after an initial payment by the defendants of $3,000.
It further provided, however, that if the subdivision was not approved after all reasonable efforts, Price was to transfer her one third interest to the defendants at no cost to them.
Sometime prior to April of 1989 the options expired (subdivision approval was not attained in time). In April, the plaintiff Richard H. Price began making the mortgage interest payments and continued to make payments until November of 1991, a total of $43,695.66.
Ilona Price formally assigned all of her interest in the agreement to the plaintiff on August 1, 1989 and quit claimed her interest in the real estate to him on February 15, 1990.
The defendants, on June 21, 1989, formally demanded that Ilona Price convey to them her interest in the real estate in accordance with the agreement. There was no compliance with this request.
The plaintiff seeks summary judgment, asking for dissolution of the joint venture and an accounting.
The defendants also ask for summary judgment claiming that the assignment from Ilona Price to Richard Price is unenforceable under the provisions of the Uniform Partnership Act, citing General Statutes 34-56(g), which provides: "No person can become a member of a partnership without the consent of all the partners," and 34-63(2)(b) which provides: "A partner's right in specific property is not assignable except in connection with the assignment of rights of all partners in the same property."
The plaintiff, on the other hand claims that the pursuit of this real estate development was, in fact, not a CT Page 7410 partnership but a joint venture, and, as such, did permit the assignment of one member's interest where it was not so restricted by the joint venture agreement. 46 Am.Jur.2d, Sec. 34.
All the parties agree that the purposes of the venture or partnership are no longer viable. The property in question is under foreclosure and its value is less than the amount due to the bank.
The only real issue remaining is whether or not the plaintiff is entitled to reimbursement from the defendants for their proportionate share of the mortgage interest payments made by the plaintiff between April 7, 1989 and November 4, 1991 in the amount of $43,695.66.
To answer this question, the court must decide, first, whether the assignment under which the plaintiff makes his claim is valid, and secondly, if such assignment is valid, whether under all of the factual circumstances, the plaintiff is entitled to an accounting and a recovery of his portion of the mortgage interest paid beyond his (or Ilona Price's) share.
Conclusion
Courts have long held that a partnership and joint venture are not the same legal entity. It has been recognized that although the distinction between the two is often slight, the former commonly entered into to carry on a general business while the latter is generally limited to a single transaction. Travis v. St. John, 176 Conn. 69, 72 (1978), citing Roberts v. Weiner, 137 Conn. 668, 671 (1951) and Dolan v. Dolan,107 Conn. 342, 349 (1928).
In this case as in Travis, supra, it is clear that the sole purpose of this association was to invest in a single parcel of real estate (together with adjoining parcels under option) and was not to carry on any trade or business.
Therefore, the relations of the parties is governed by common law partnership principles. Lesser v. Smith,115 Conn. 86, 89 (1933). At common law, where the agreement between the parties is silent as to assignment, a joint venturer may assign his interest without the consent of the coadventurers or partners. Bricklin v. Stengal Corporation,1 Conn. App. 656, 667 (1984).
The defendants are correct in their claim that the Uniform Partnership Act has changed the common law as adopted in Connecticut as General Statutes 34-5b(g) and 34-63(2)(b). CT Page 7411
The defendant's view cannot prevail, however, for two reasons:
(1) This court has already found that the association here was a joint adventure and not a partnership and therefore Ilona Price's interest was assignable since the agreement did not restrict assignment.
(2) Even if this association was deemed to be a partnership, although a partner's interest, if assigned, would not entitle the assignee to act as a partner, it would entitle him to receive his assigned interest, profits, and an accounting. General Statutes 34-65(1)(2). Bricklin v. Stengal Corporation, supra, 667.
Therefore, in this case, the plaintiff is not entitled to become a partner but is entitled to an accounting from the defendants and a formal dissolution of the joint venture.
What money, if any, that the plaintiff may be entitled to will depend on equitable principles. The court must make such a determination based on the facts it finds, including its assessment as to whether or not the plaintiff, as well as his assignor, fully and fairly performed their part of the agreement so as to have standing in a court of equity to enforce their rights. Travis v. St. John, supra, 73.
The court must also make a determination as to the date on which the venture was no longer viable, i.e. was it the time when the options expired on August 1, 1989 as claimed by the plaintiff (see plaintiff's brief of 7-20-92 p. 12), or on some other date? The answer to this question is significant to the determination as to what mortgage payments, if any, the plaintiff should be reimbursed. What were the circumstances under which the plaintiff made these mortgage payments? Had the defendants paid their share of the expenses during the course of the venture?
An evidential hearing on the request for an accounting and dissolution is set down for August 25, 1992 at 10:00 a.m.
FREED, J.