[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON PLAINTIFF'S MOTION FOR AN ACCOUNTING AND DISSOLUTION OF JOINT VENTURE
This court has previously issued a memorandum of decision on August 3, 1992 in which plaintiff's request for an accounting and formal dissolution of a joint venture between the parties was granted.
Pursuant to that order, an evidentiary hearing was held on August 25, 1992 at which both sides presented evidence as to their claims. At issue was whether or not the' plaintiff would be entitled to be reimbursed from the defendants for their share of the mortgage and tax payments he made on behalf of the joint venture in the amount of $43,990.35. These payments were made between April 7, 1989 and November 4, 1991.
It is the opinion of this court that, for the following reasons, the plaintiff is not entitled to any reimbursement from the defendants.
First, it is undisputed that the joint venture, the purpose of which was to develop the subdivision (the subject of the venture) was at an end in April of 1989 when, despite all reasonable efforts by the parties, approval by the Town of Burlington was denied. Additionally, the options to acquire additional land, essential for development, had expired.
The plaintiff, however, decided to continue the mortgage payments, partially because his wife was personally liable for them and partially because he felt the land was valuable and was worth more than the mortgage balance.
The defendants, however, who owned two-thirds of the venture, refused to go along with the plaintiff's unilateral action and demanded that he convey to them his one-third interest in accordance with the terms of the joint venture agreement. The plaintiff refused and continued to make the mortgage payments until November of 1991.
It would be inequitable for the plaintiff to be reimbursed for these payments when he made them despite the disapproval of the defendants who adamantly refused to make such payments. The joint venture did not benefit in any way from the payments. (The plaintiff's wife, however, may eventually benefit because of a reduction of a potential deficiency judgment against her).
Secondly, and perhaps more importantly, the plaintiff has chosen to completely disregard the terms of the joint venture agreement which, in paragraph 7, specifically provides: CT Page 8331
 In the event subdivision is not approved after all reasonable efforts then Seller (now the plaintiff) shall transfer her remaining 1/3 interest in the premises described in Exhibit "A" to the buyer (now the defendants) at no cost.
The plaintiff, although requested by the defendants to transfer the property to them when the venture was no longer viable in April of 1989, categorically refused to make such a conveyance. He has failed to fully and fairly perform his part of the agreement in order to have equitable standing to enforce his rights. Travis v. St. John, 176 Conn. 69, 73
(1978).
Since the purpose of the joint venture no longer exists and has not existed since April of 1989, it is declared dissolved without payment of money to any of the parties.
Freed, J.