[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON MOTION TO DISMISS (NO. 103)
On December 11, 1995, the plaintiffs, Harriet A. Axiotis and Ares Axiotis, filed a complaint against the defendant, Dawn Posta. The plaintiffs allege in their complaint that the defendant breached the rental agreement she entered into on March 15, 1994, by making an unauthorized change in the nature and scope of her business which exceeded the use proposed in the rental agreement.
The defendant filed a motion to dismiss with a supporting memorandum on December 13, 1995, alleging that the defendant entered into the rental agreement with The Evarko Group, a family partnership, and not the individuals bringing suit. On December 14, 1995, the plaintiff, Ares Axiotis, filed an amended complaint in which he alleges that the lease was assigned to him by Harriet Axiotis and the Evarko Group on December 11, 1995. He is the sole plaintiff listed in the amended complaint. On January 9, 1995, the plaintiff filed a response to the motion to dismiss.
"A motion to dismiss is the appropriate vehicle for challenging the jurisdiction of the court." Zizka v. WaterPollution Control Authority, 195 Conn. 682, 687, 490 A.2d 509
(1985), citing Practice Book § 142. "[I]n the absence of standing, the court lacks subject matter jurisdiction to determine the merits of the case." Sadloski v. Manchester, 228 Conn. 79,83, 634 A.2d 888 (1993). "Standing is the legal right to set judicial machinery in motion. One cannot rightfully invoke the jurisdiction of the court unless he [or she] has, in an individual or representative capacity, some real interest in the cause of action, or a legal or equitable right, title or interest in the subject matter of the controversy." Windham Taxpayers Assn. v.Board of Selectmen, 234 Conn. 513, 525, 662 A.2d 1281 (1995).
The defendant contends that The Evarko Group is the real party in interest with standing to commence this litigation. The CT Page 1323-E defendant alleges that the partnership has failed to file a trade name with the Town of Fairfield in violation of Connecticut General Statutes, and therefore she is unable to determine the individual members of the partnership. She further alleges that Harriet Axiotis has a life estate in the property and Ares Axiotis has only a reversionary interest, which the defendant contends does not constitute an interest sufficient to have standing in the action. The defendant also argues that the plaintiff Ares Axiotis is improperly representing the partnership pro se because one of the partners in a partnership cannot appear in a representative capacity.
The plaintiff contends that the Evarko Group is a joint venture and not a partnership, and only considers itself a partnership for federal tax purposes. He claims that even if he was not personally involved in the signing of the lease agreement, he entered into an agreement on July 30, 1991, with his mother to ratify any future leases that do not exceed five years duration. He also contends that his interest in the property as reversioner in fee creates standing for bringing the action against the defendant. He further contends that he is a third-party, beneficiary of the rental agreement.
In Connecticut, a partnership is defined as "an association of two or more persons to carry on as co-owners a business for profit . . ." General Statutes § 34-44. "The distinction between a partnership and a joint venture is often slight, the former commonly entered in to carry on a general business, while the latter is generally limited to a single transaction." Travis v.St. John, 176 Conn. 69, 72, 404 A.2d 885 (1978). "To find a true partnership, a mutual agency relationship is essential." Id.; see also General Statutes § 34-47. In Travis v. St. John, the court found that the parties had entered into a joint venture in purchasing land for investment purposes. The parties agreed to share equally in the cost of the property, the expenses of maintaining it, and the profits or losses upon its resale. The court found that the parties had not intended to create an agency relationship among themselves.
In the present case, the court finds that the intent of The Evarko Group was to form a partnership. The members of the group agreed not only to purchase the property together, but to negotiate and enter into lease agreements under the name, The Evarko Group. Harriet Axiotis signed the rental agreement as an agent of The Evarko Group. In his amended complaint, Ares Axiotis CT Page 1323-F alleges that "[t]he Rental Agreement, dated March 15, 1994, by and between The Evarko Group, represented by Harriet A. Axiotis, as landlord and Dawn Posta as tenant. . . ." (Emphasis added. ) The intent of the parties in The Evarko Group was to establish a mutual agency relationship among its members. Accordingly, the court finds that The Evarko Group is a partnership.
"[L]eases may clearly be partnership property, even though taken by an individual partner in his own name, the intent of the parties being the controlling factor." Zolman Cavitch, Business Organizations, § 16.03[3][c], p. 866 (1988). "Partners are joint obligees as to obligations owed to the partnership and, in the absence of statute to the contrary, all must join in a suit upon such an obligation." Id., § 25.03, p. 196. "Joinder is not, however, required where a partner disclaims any interest in the claim." Id, p. 197.
The plaintiff contends that Harriet Axiotis assigned her interest in the rental agreement to him. An affidavit of Harriet Axiotis was attached to the plaintiff's response to the motion to dismiss in which she explained that she had not remained a plaintiff in the action because she "was not up to it" because of her age and health. The affidavit does not disclaim any interest in the claim, but merely explains why the affiant did not remain in the action. The court finds that a partnership exists and that there is insufficient evidence that the partners have disclaimed any interest in the claim. Therefore, The Evarko Group is the proper plaintiff.
The defendant also challenges the action on the ground that Ares Axiotis is unauthorized to practice law or to appear pro se on behalf of the partnership. The court addresses this issue in light of its finding that the proper plaintiff is the partnership.
"Any person who is not an attorney is prohibited from practicing law, except that any person may practice law, or plead in any court of this state `in his own cause.' General Statutes § 51-88(d)(2). The authorization to appear pro se is limited to representing one's own cause, and does not permit individuals to appear pro se in a representative capacity." ExpresswayAssociates II v. Friendly Ice Cream Corp. of Connecticut, 34 Conn. App. 543,546, 642 A.2d 898 (1994). "When [a partner] attempts to represent the partnership, he is representing more than just himself." Id., 551. The plaintiff Ares Axiotis is representing the partnership pro se. This is improper, and the court dismisses CT Page 1323-G the action on this additional ground.
Accordingly, the motion to dismiss is granted.
JOHN W. MORAN, JUDGE